# WILLARD *v.* WILLARD.

APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF CO-
LUMBIA.

No. 318. Argued April 18, 1892.— Decided May 2, 1892.

Under the act of August 15, 1876, c. 297, relating to partition of real estate in the District of Columbia, a tenant in common in fee, whose title is clear, may have partition, as of right, but by division or sale, at the discretion of the court.

A pending lease for years is no obstacle to partition between owners of the fee.

A bill in equity, under the act of August 15, 1876, c. 297, need set forth no more than the titles of the parties, and the plaintiff's desire to have partition by division of the land, or, if in the opinion of the court this cannot be done without injury to the parties, then by sale of the land and division of the proceeds.

THIS was a bill in equity filed January 3, 1888, by Henry K. Willard against Joseph C. Willard, under the act of August 15, 1876, c. 297, (which is copied in the margin,[1]) for partition

---

[1] An act relating to partition of real estate in the District of Columbia.

SEC. 1. All tenants in common and coparceners of any estate in lands, tenements or hereditaments, equitable as well as legal, within the District of Columbia, may, in the discretion of the court, be compelled in any court of competent jurisdiction to make or suffer partition of such estate or estates. In proceedings for partition all persons in interest shall be made parties in the same manner as in cases of equity jurisdiction. And in proceedings for partition under this act, the court may, in addition to the powers herein conferred, exercise such powers as are or may be conferred by virtue of the general equity jurisdiction of the court.

SEC. 2. The court, in all cases, in decreeing partition, may, if it satisfactorily appears that said lands and tenements, or any estate or interest therein, cannot be divided without loss or injury to the parties interested, decree a sale thereof, and a division of the money arising from such sale among the parties, according to their respective rights and interests.

of land in the city of Washington, bounded on Pennsylvania Avenue on the south, Fourteenth street on the east, and F street on the north, containing more than 33,000 square feet, and with the building thereon known as Willard's Hotel.

The allegations of the bill were that the plaintiff and the defendant were the owners of the land in fee simple, as tenants in common, and each the owner of an undivided half; that the plaintiff became and was the owner of his half under a deed from Henry A. Willard, dated December 1, 1887, and duly recorded; and that the plaintiff desired to have partition of the land, and to have his share thereof set apart to him in severalty; or, if in the opinion of the court the land could not be specifically divided between the parties without loss and injury to them and to the purposes for which the land was used, that for the purposes of partition it might be sold, and the proceeds divided between him and the defendant; and he prayed for partition accordingly.

The answer, filed March 6, 1888, alleged that the plaintiff's father, Henry A. Willard, and the defendant were the owners in fee simple, as tenants in common, of the land; and that it was of great value, and for the past twenty-five years and upwards had been leased by Henry A. Willard and the defendant to different persons for hotel purposes, and was now under lease and used as a hotel at a remunerative rental; that the defendant had no knowledge of the conveyance to the plaintiff, and required proof thereof; and denied that the defendant should be compelled to make or suffer partition of the land, or that it was within the power of the court to deprive him, against his will and without his consent, of his interest and estate in the whole land, either by a partition in severalty or by a sale thereof.

---

SEC. 3. In all such sales, unless the court shall by special order direct or require, on good cause shown, that the sale be made for cash, the purchase money shall be payable one third on day of sale, one third in one year, and one third in two years thereafter, with interest, the deferred payments to be secured to the parties, according to their respective interests, by good and sufficient mortgage upon the premises so sold, which shall be subject to the approval of the court. 19 Stat. 202.

A general replication was filed, and proofs taken, which showed the following facts: The defendant and Henry A. Willard made a lease of the land for five years and four months from January 1, 1884, at an annual rent of $20,500, to Phœbe D. Cook, which was afterwards assigned, with the lessors' consent, to Orrin G. Staples. On December 1, 1887, Henry A. Willard conveyed to the plaintiff an undivided half of the land, in fee simple, by deed duly recorded. The property was peculiarly adapted to hotel purposes, and was worth in its present condition more than $600,000, and could not be divided without serious loss.

The court in special term, on July 7, 1888, ordered a sale in accordance with the provisions of the act of Congress, and appointed trustees to make a sale and conveyance, and to pay the proceeds into court. The decree was affirmed in general term, on October 22, 1888. 6 Mackey, 559.

The defendant appealed to this court, and assigned the following errors in the decree:

"1st. The property was under lease for a term of years at the time the bill was filed, and the plaintiff not entitled to possession.

"2d. Under the act of Congress of August 15, 1876, a tenant in common has not an absolute right to partition, but it is discretionary with the court, and something besides the existence of the tenancy must be averred and shown in order to call such discretion into exercise, which was not done in this case."

*Mr. William F. Mattingly* for appellant.

At common law coparceners alone had the right to demand partition. By the Stat. 31 H. VIII, this right was extended to joint tenants and tenants in common of estates of inheritance, and by 32 H. VIII to estates for life or years and estates in a different manner and by different tenants. The proceeding was at law, and was a partition of the property in kind. The right to a sale depends altogether upon statute, and will only be directed when the facts and circumstances required by

statute to authorize it are affirmatively made to appear.    The onus is always on him who seeks the sale.

Prior to the passage of the act of Congress under which this bill is filed, there were two acts of the Assembly of the State of Maryland, in force in this District, under which real estate could be sold for purposes of partition.; the act of 1785, c. 72, § 12, and the act of November, 1786, c. 45, § 8; both of which will be found in 2 Kilty's Laws of Maryland.

Referring to these two acts the Court of Appeals of that State in *Mewshaw* v. *Mewshaw*, 2 Maryland Ch. 12, decided that to give the court jurisdiction under these acts the bill should allege that a sale would be for the advantage of the parties, and the allegation must be established by admission if the parties are of age, or by evidence if not of age, and if so established the court has power to decree a sale.    Prior to the act of 1876, under which this action is brought, it was never claimed in this jurisdiction that, where the parties were all adults, the court could decree a sale.    The question, if it was one, was early decided.    *Hastings* v. *Granberry*, 3 Cranch C. C. 332.

The property at the time this bill was filed being in the possession of a tenant under a lease for years, the complainant had only a reversionary interest, and, not being entitled to the possession, had no right to demand partition.    *Hunnewell* v. *Taylor*, 6 Cush. 472; *Baldwin* v. *Aldrich*, 34 Vermont, 526; *S. C.* 80 Am. Dec. 695; *Hubbard* v. *Ricart*, 3 Vermont, 207; *S. C.* 23 Am. Dec. 198.

Under the act of Congress, partition is not a matter of right, but in express terms is made discretionary with the court; and the simple averment of a tenancy in common is not sufficient to justify a decree.

A complainant can only recover according to his averments and proofs, and unless under this statute every tenant in common has an absolute right to a partition, no matter what the circumstances may be, then the complainant must aver facts in his bill which would justify the court in the exercise of a judicial discretion, to decree partition.    He must, under all the authorities, bring his case within the provisions of the

statute on the face of his bill; and, if the statute, notwithstanding the tenancy in common, gives the court a discretion to partition or not, then facts must be averred and proved which will afford the court information upon which it can exercise its discretion. If no such facts appear, then there is nothing upon which the court can be called upon to act. We respectfully submit that this is the only safe and proper rule of construction, and the one intended by Congress in making the relief sought permissive, (not mandatory,) and discretionary with the court.

We further submit that it is a serious matter to a man advanced in years, having a fortune invested in a piece of real estate, yielding a fair income and increasing in value, for a court, at the demand of a coöwner who comes in as a mere volunteer, to say, we will sell this property, convert your real estate into money, or promises secured by mortgage on the property, whether you wish it or not.

If Congress had intended such to be the law it would have said "all tenants in common and coparceners in lands *shall be compelled* to make or suffer partition," and not "may in the discretion of the Court" be so compelled.

*Mr. Martin F. Morris,* (with whom was *Mr. G. E. Hamilton* on the brief,) for appellee.

MR. JUSTICE GRAY, after stating the case as above, delivered the opinion of the court.

In a court having general jurisdiction in equity to grant partition, as in a court of law, a tenant in common, whose title in an undivided share of the land is clear, is entitled to partition, as a matter of right, so that he may hold and enjoy his property in severalty. Story Eq. Jur. §§ 653, 656; *Parker* v. *Gerard,* Ambler, 236; *Calmady* v. *Calmady,* 2 Ves. Jr. 568; *Wiseley* v. *Findlay,* 3 Rand. 361; *Smith* v. *Smith,* Hoffman Ch. 506, and 10 Paige, 470; *Donnell* v. *Mateer,* 7 Iredell Eq. 94; *Campbell* v. *Lowe,* 9 Maryland, 500.

Under the English statutes of 31 H. VIII, c. 1, and 32 H. VIII, c. 32, in force in the State of Maryland before 1801, and

therefore in the District of Columbia, any tenant in common in fee might compel partition at law by division of the estate held in common. Alexander's British Statutes in Maryland, 311, 312, 332; *Lloyd* v. *Gordon*, 2 Har. & McH. 254; Rev. Stat. D. C. § 92. It is unnecessary to consider how far the Supreme Court of the District of Columbia had equity jurisdiction in cases of partition before the act of Congress of August 15, 1876, c. 297, because this act expressly empowers the court, exercising general jurisdiction in equity, in its discretion, to compel all tenants in common of any estate, legal or equitable, to make or suffer partition, either by division of the estate, or, if it satisfactorily appears that the estate cannot be divided without loss or injury to the parties interested, then by sale of the estate and division of the proceeds among the parties, according to their respective rights and interests. 19 Stat. 202. This statute, while it authorizes the court to compel a partition by division or by sale, at its discretion, as the facts appearing at the hearing may require, does not affect the general rule, governing every court of law or equity having jurisdiction to grant partition, that partition is of right, and not to be defeated by the mere unwillingness of one party to have each enjoy his own in severalty.

In equity, as at law, a pending lease for years is no obstacle to partition between owners of the fee. Co. Lit. 46a, 167a; Com. Dig. Parcener, C. 6; *Wilkinson* v. *Joberns*, L. R. 16 Eq. 14; *Hunt* v. *Hazelton*, 5 N. H. 216; *Woodworth* v. *Campbell*, 5 Paige, 518; *Thruston* v. *Minke*, 32 Maryland, 571; *Cook* v. *Webb*, 19 Minnesota, 167. The decision in *Hunnewell* v. *Taylor*, 6 Cush. 472, cited by the appellant, was governed by an express statute of Massachusetts authorizing a petition for partition "by any person who has an estate in possession, but not by one who has only a remainder or reversion," which was presently modified by an enactment that partition might be had notwithstanding the existence of a lease of a whole or part of the estate. Mass. Stat. 1853, c. 410, §.1; Gen. Stat. c. 136, §§ 3, 67; Pub. Stat. c. 178, §§ 3, 68. In *Moore* v. *Shannon*, 6 Mackey, 157, there was an outstanding life estate, so that the plaintiff was not in possession of the freehold, and

was therefore denied partition.   See Co. Lit. and Com. Dig. *ubi supra; Evans* v. *Bagshaw*, L. R. 8 Eq. 469, and L. R. 5 Ch. 340 ; *Brown* v. *Brown*, 8 N. H. 93.

The present bill, after setting forth the titles in fee of the parties, alleges that the plaintiff desires to have partition of the land and his share set apart to him in severalty, or, if in the opinion of the court this cannot be done without injury to the parties and to the purposes for which the land is used, then by sale of the land and division of the proceeds, and prays for partition accordingly.   The bill, following the statute, and seeking partition in either mode, as the court in its discretion might think fit, is in proper and sufficient form.   Any allegation of special reasons for partition, or for having it made in one way or in the other, would have been unusual and superfluous.   The decisions in Maryland, cited by the appellant, were made under statutes authorizing partition only when it would be for the interest and advantage of the parties that the land should be sold, and therefore held that it must be so alleged in the petition.   *Tomlinson* v. *McKaig*, 5 Gill, 256 ; *Mewshaw* v. *Mewshaw*, 2 Maryland Ch. 12.

This disposes of the only errors assigned or argued.   It is not denied, and could not be, upon the proofs, that, if the plaintiff was entitled to partition, it was rightly ordered to be made by sale, and not by division of the estate.

*Decree affirmed.*

Mr. Justice Brewer was not present at the argument, and took no part in the decision.