[No. 1502.]

MRS. J. E. CONTER, APPELLANT, *v.* CLARA HERSCHEL, ET AL., RESPONDENTS.

RIGHT TO PARTITION—MUST HAVE ESTATE IN POSSESSION. A person has not the right of a compulsory partition of property unless he has an estate in possession, one by virtue of which he is entitled to enjoy the present rents or the possession of the property as one of the cotenants thereof.

APPEAL from the District Court of the State of Nevada, Humboldt county; *A. E. Cheney,* District Judge:

Action by Mrs. J. E. Conter against Clara Herschel and others. From a judgment for defendants, and from an order denying her motion for a new trial, plaintiff appeals. Affirmed.

The facts sufficiently appear in the opinion.

*D. S. Truman* and *L. A. Buckner,* for Appellant.

*James F. Dennis* and *W. S. Bonnifield,* for Respondent.

By the Court, BONNIFIELD, J.:

This action was brought to secure partition of certain lands, water right and personal property which the plaintiff alleged in her complaint were owned and possessed, ever since the 16th day of May, 1889, by the plaintiff and defendant, Clara Herschel, as tenants in common, in equal shares, and for an accounting.

The court found, that the plaintiff and Clara Herschel were the owners as tenants in common of a part of the lands and all of the water right named in the complaint, and ordered partition thereof. The court found, that the plaintiff had no right, title or interest in the other lands described in the complaint, and had no right, title or interest in any of the personal property, and decided that she was not entitled to partition of said other lands, nor of said personal property, and that she was not entitled to an accounting. From said decision denying said partition and an accounting, and the order denying her motion for new trial, the plaintiff appeals.

The plaintiff's contention, in substance, is that in 1889 and prior thereto, one Isaac West and defendant, Clara Herschel, were the owners and in possession of all of said

property as tenants in common, share and share alike; that while they were so the owners and in possession West, on the 16th day of May, 1889, conveyed to the plaintiff all his right, title and interest in and to said property by deed of gift, and that by virtue of said deed the plaintiff succeeded to all the rights of West in the premises.

As to that part of the land which was excluded from the order of partition, it is sufficient to say that there is evidence tending to show that it does not belong to the cotenancy.

With reference to the personal property, the evidence on the part of the plaintiff tends to show that, if any of it belonged to the cotenancy, the plaintiff had neither the possession nor the right of possession when this suit was brought; that said deed of gift was executed by West and received by the plaintiff under an agreement and understanding between them that West was to retain the possession of the property and enjoy the use thereof and its proceeds for his living and expenses during his life, or so long as he desired to do so; that said deed was to take effect in possession only on the death of West, or his abandonment of the property or surrender of the property and possession thereof to the plaintiff. It appears that the plaintiff resided and continued to reside in California, never attempted to take possession and never questioned West's right of possession and enjoyment of said property as aforesaid.

Applicant must be entitled to possession. " If the property of a cotenancy be a proper subject for compulsory partition, and if some or all of the estates held therein be estates of which the courts will take jurisdiction for the purpose of compelling an enjoyment in severalty, the next subject for inquiry is whether the person who proposes to file the bill or complaint for partition is, in respect to his present interest in the property, and to his present relations towards it, one of the persons authorized by law to demand its partition. An estate may be one of which courts may take jurisdiction and compel a partition at the instance of some of the parties interested therein; and yet it may happen that the person desirous of procuring a partition, though a party interested in the property, is not one who may demand its partition. The interest of one of the part owners may be such that he

could be compelled to assent to a partition, but not such as to authorize him to demand one from the other part owners. A familiar illustration of this existed in the case of remainder-men in proceedings for partition in chancery. Thus a remainder-man might be brought before the court, in certain cases, and be compelled to execute a conveyance for the purpose of carrying out a decree of partition, but in no case could he institute proceedings to enforce compulsory partition. It is a general rule prevailing in England without exception, and also throughout the majority of the United States, that no person has the right to demand any court to enforce a compulsory partition unless he has an estate in possession—one by virtue of which he is entitled to enjoy the present rents or the possession of the property as one of the cotenants thereof." (Freeman on Cotenancy and Partition, 2d ed., sec. 446, and cases there cited.)

The main contention on the part of the plaintiff with respect to personal property relates to a certain lot of cattle. As to those we do not feel justified from the facts and circumstances disclosed by the evidence to disturb the conclusion of the court, as we understand it to be, that they do not belong to the cotenancy.

The judgment and order appealed from are affirmed.