ETHEL M. WOLFORD, Appellant, *v.* ALBERT
WOLFORD, Respondent

No. 3550

December 22, 1948.                    200 P.2d 988.

*Orville R. Wilson,* of Elko, and *D. H. Oliver,* of Salt Lake City, Utah, for Appellant.

*George F. Wright,* of Elko, for Respondent.

## OPINION

By the Court, EATHER, C. J.:

Respondent, as plaintiff in the trial court, was granted a partition of real property and the property was ordered to be sold through referees pursuant to the laws pertaining to executions. Plaintiff and defendant were co-owners, as tenants in common, of said property.

In her appeal, appellant contends:

(1) That prior to this action, plaintiff was awarded an annulment of his marriage to defendant and was awarded an undivided one-half interest in the real property acquired by the parties during their marriage, with the defendant owning the other one-half interest. The court did not partition the property. Appellant contends that this is res adjudicata and plaintiff is barred from a subsequent action for partition.

(2) That appellant was denied equal protection of the law.

(3) Appellant's property was taken without due process of law.

(4) The evidence is insufficient to sustain the judgment of the trial court.

There were two actions between these parties. The first action was brought by Ethel M. Wolford against Albert Wolford to secure a divorce, wherein she alleged there was no community property. She obtained a divorce by reason of the default of her husband in not making an appearance. Then the decree of divorce was set aside by reason of the fraud of the wife. Thereupon, the husband filed an answer and cross complaint for divorce and asked for a division of certain community property. Pursuant to the stipulation of the parties, the husband filed an amended cross complaint, wherein he alleged that he was married at the time he entered into the marriage ceremony with Ethel M. Wolford, although at that time he thought his wife was dead. Mr. Wolford, in his amended cross complaint, also alleged that since the marriage of the plaintiff and defendant, they had jointly acquired one lot with a house thereon and household furnishings therein, and Mr. Wolford asked that he be awarded an annulment and that he be "awarded one-half of the real and personal property."

Ethel M. Wolford denied that the parties had jointly acquired the property or that there was community property, but joined in the request that an annulment be granted.

After a trial before the court, wherein both parties were present and represented by counsel, the trial court granted an annulment and one-half of the real property to Mr. Wolford and the other one-half of the real property and all of the personal property was awarded to Mrs. Ethel M. Wolford. Findings of fact and conclusions of law were filed and the judgment entered thereupon, which granted the annulment and provided as follows:

"It is further ordered, adjudged and decreed that said

Albert Wolford be and he is hereby awarded an undivided one-half interest in and to the hereinafter described property and said Ethel M. Wolford be and she is hereby awarded an undivided one-half interest in and to the hereinafter described property." (Then followed a description of the property.)

Neither party asked for a partition of the property and the issue of partition, or right of partition, was never presented in the first action. Neither party appealed from that judgment.

Sometime thereafter, Albert Wolford, the plaintiff herein, commenced the second action against Ethel M. Wolford, alleging that each of the parties hereto were the owners, in equal shares, as tenants in common, of a certain lot and building thereon (being the same property described in the first judgment), and asked for a partition of the property; that said property could not be divided by physical division without great prejudice to plaintiff, and asked that said partition be made by sale of the property.

The defendant in her answer admitted that the parties were the joint owners of the property, but denied that plaintiff was entitled to a partition of the property.

Defendant and appellant contends that the former judgment is a bar to partition, since Mr. Wolford had failed to ask for a partition, and relies upon section 8604 of the Nevada Compiled Laws 1929, which provides as follows:

"If the defendant omit to set up a counterclaim in the cases mentioned in the first subdivision of the next preceding section, neither he nor his assignee can afterward maintain an action against the plaintiff therefor."

■ In the first action, the court had jurisdiction to determine the ownership of the property acquired by the parties after the marriage. Sec. 4069, N.C.L.1929; Schneider v. Schneider, 183 Cal. 335, 191 P. 533, 11 A.L.R. 1386; In re Van Alstine, 21 Wash. 194, 57 P. 348; Buckley v. Buckley, 50 Wash. 213, 96 P. 1079, 126 Am.St.Rep. 900.

■■ Some states have statutes providing that in the

event of an annulment, the court can, wherever necessary, partition the property. (California Civil Code, sec. 147, 1941.) Nevada does not have a similar statute nor other statutory law permitting partition in an action for an annulment. However, an action for annulment is in the nature of an equitable action and the court would have jurisdiction to decree a partition if the parties had requested a partition. A partition can be made in a divorce action, Lundgren v. Lundgren, Utah, 184 P.2d 670, and Huneke v. Huneke, 12 Cal.App. 199, 107 P. 131, and there is no reason why a partition cannot be granted in an annulment action if it were requested by either party.

■ In the first action, Albert Wolford filed a cross complaint for annulment and asked for his share of the property. Therefore, he cannot be charged with failure to file a counterclaim or cross complaint. The question remains: Is Wolford now barred from having a partition of the property by his failure to ask for partition in the annulment action? We think not.

■ A judgment on the merits, rendered in a former suit between the same parties on the same cause of action, by a court of competent jurisdiction, operates as a bar not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might, with propriety, have been litigated and determined in that action. 50 C.J.S., Judgments, sec. 657, page 102; Lang v. Lang, 182 Cal. 765, 190 P. 181.

The general rule does not mean that the prior judgment is conclusive of matters not in issue or adjudicated, and which were not implied in, or essentially connected with, the actual issues in the case, although they may affect the ultimate rights of the parties and might have been presented in the former action. 50 C.J.S., Judgments, sec. 657, page 103 n. 19; Lang v. Lang, supra; Troy v. Troy, 72 Cal.App. 757, 238 P. 143.

In the first action, the issue or right to partition was not presented and was never determined. The court

fixed the rights of the parties in and to the property acquired after marriage by determining that the parties were tenants in common. The court was not required to fix all of the rights of the parties that belong to a tenant in common. The necessity for partition may not have existed in the first action. After the judgment of annulment, the parties then could make their own agreement concerning the management, control, enjoyment and division of the property. If the parties could not agree concerning these matters, then either party had the right, in a subsequent action, to have a partition of the property.

The right to partition was not germane to nor implied in the first action. Neither party then sought a partition. Therefore, the first action is not a bar to a subsequent suit for partition. The right to a partition is one of the rights of a tenant in common. Thompson on Real Property, sec. 1981, vol. 4, page 493; 40 Am. Juris. page 5 and page 22; Willard v. Willard, 145 U.S. 116, 12 S.Ct. 818, 36 L.Ed. 644; sec. 9074, Nev.Comp. Laws 1929.

The plaintiff, in the present action, is not disputing his title or rights given him in the first action, but rather as asserting one of his rights as a tenant in common, namely, his right to a partition.

■ The trial judge in the action on partition found that at the time of the commencement of the action, plaintiff and defendant were each the owners of an undivided one-half interest in the property and that the right to or the issue of partition had never been determined prior to this last action. There is sufficient evidence to sustain that finding and it is conclusive on this court on appeal. Nelson v. Smith, 42 Nev. 302, 176 P. 261, 178 P. 625; Thompson v. Tonopah Lumber Co., 37 Nev. 183, 141 P. 69.

The appellant in the oral argument before this court contended that there was insufficient evidence to show that the plaintiff had a right to partition.

■ Every tenant in common that has the right to the

present enjoyment of the property, or the proceeds thereof, is entitled to demand a partition of the property as a matter of right. The convenience or inconvenience of the parties is not to be considered. Thompson on Real Property, vol. 4, page 493, sec. 1981. Section 9074, Nev.Comp.Laws 1929, provided as follows:

"When several persons hold and are in possession of real property, as joint tenants or as tenants in common, in which one or more of them have an estate of inheritance or for life, or lives, or for years, an action may be brought by one or more of such persons for a partial partition thereof according to the respective rights of the persons interested therein, and for a sale of such property or a part of it, if it appear that a partition cannot be made without great prejudice to the owners."

■ The appellant has contended that she was denied equal protection of the law and her property was taken without due process of law. She has not cited any case to sustain her position, nor has she pointed out wherein she was denied these rights. She commenced the first action and proper notice of the trial was given. She was represented by counsel and given ample opportunity to be heard. In the second action, she was properly served, filed an answer, was present at the trial and represented by counsel. She was not denied equal protection of the law and her property was not taken without due process. The requisites of due process are due notice and an opportunity to be heard. King Tonopah Mining Co. v. Lynch, D.C., 232 F. 486; Vineyard Land & Stock Co. v. District Court, 42 Nev. 1, 171 P. 166. These requirements were fully met.

■ The evidence was sufficient to warrant the trial court in decreeing that partition be granted and the property sold. The property consisted of a single lot in a city, with the house covering most of the lot. The house consisted of three rooms and a bath, and could not be physically divided without great prejudice to the plaintiff. In such a case, the trial court was warranted

in decreeing that the partition be granted by a sale of the property.

The judgment appealed from is affirmed.

HORSEY and BADT, JJ., concur.