ELIZABETH M. TERRIBLE, APPELLANT, *v.* JOSEPH FRANK TERRIBLE, RESPONDENT.

No. 7328

April 30, 1975                    534 P.2d 919

*Albright & McGimsey,* of Las Vegas, for Appellant.

*Austin, Thorndal & Liles, Ltd.,* of Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

On May 6, 1971, a decree [judgment] of divorce was entered terminating the marriage of the parties. One of the parcels of property distributed under the terms of the decree was Parcel I[1] in which the trial judge terminated the joint tenancy and

---

[1]In pertinent parts the judgment effecting Parcel I reads as follows:

"C. Plaintiff shall occupy Parcel I and shall collect and retain all income therefrom and maintain the same in good rental condition, pay all real and personal property taxes assessed against the property, pay all utilities and other expenses incurred in the use and occupancy of the property, and maintain and pay extended coverage fire and casualty insurance thereon and neither remove nor permit the removal of any personal property situated thereon until such time as said parcel is sold.

"Plaintiff shall not incur any expenses for maintenance or repairs or additions to any of the units at the expense in excess of one month's rent derived from such unit without first obtaining the permission or consent of the defendant to undertake these expenditures.

"D. That should either party desire to sell his or her interest in Parcel 1 or 2, or any part thereof, and finds a purchaser, or purchasers, who are ready, able and willing to purchase the same, the other party shall have an option to purchase the interest of the party so desiring to sell for the amount of any bona fide offer made by any third party or parties; and the option of either party to buy the interest of the other party at such price shall extend for a period of seventy-five (75) days after notice of such bona fide offer has been communicated to it in writing by the party desiring to sell.

"If said option to purchase at such price is not exercised within such

ordered that the parcel be held by the parties as tenants in common, each owning an undivided one-half interest.

On or about January 21, 1972, the respondent received an offer in the amount of $150,000 for the entire parcel. He attempted to induce the appellant to agree to the sale, but she refused. He then instituted this action to partition his interest.

The district judge, who is not the judge who entered the divorce decree, held a trial on the petition for partition and found that, although the respondent's interest was a subject for partition, it was impractical to partition the parcel, so he ordered it sold and the net proceeds of sale to be equally divided.

In her appeal from the judgment of partition, appellant relies in part on the provisions of NRS 39.010.[2] See Conter v. Herschel, 24 Nev. 152, 50 P. 851 (1897); Wolford v. Wolford, 65 Nev. 710, 200 P.2d 988 (1948). She contends that the district court erred because respondent had an insufficient interest in the parcel to entitle him to have it partitioned and that the judgment of divorce precluded him from such entitlement.

We need not determine whether respondent had a sufficient interest in the parcel to afford him standing to demand partition because (1) he waived any right to so petition when he consented during the course of the divorce trial that until such time

---

seventy-five (75) day period, then the party so desiring to sell may dispose of his or her interest, or interests to a third party, or parties."

"That as and for support and maintenance, the plaintiff has been awarded the occupancy and income from Parcel 1 and the outdoor advertising sign, until Parcel 7 is sold or otherwise disposed of. That in the event plaintiff's income from all sources, including such parcel, employment and otherwise, averages over a year's time less than $400 per month, the defendant shall pay to plaintiff a sum sufficient for her income to be equal to the sum of $400 per month."

[2]NRS 39.010 provides in pertinent part: "When several persons hold and are in possession of real property as joint tenants or as tenants in common, in which one or more of them have an estate of inheritance, or for life or lives, or for years, an action may be brought by one or more of such persons for a partial partition thereof according to the respective rights of the persons interested therein, and for a sale of such property or a part of it, if it appears that a partition cannot be made without great prejudice to the owners. Whenever from any cause it is, in the opinion of the court, impracticable or highly inconvenient to make a complete partition, in the first instance, among all the parties in interest, the court may first ascertain and determine the shares or interest, respectively held by the original cotenants, and thereupon adjudge and cause a partition to be made, as if such original cotenants were the parties, and sole parties, in interest. . . ."

as the parties agreed upon a sale, the appellant could live in the residence situated on the parcel, manage the properties located thereon, retain the income and pay the costs of use and occupancy, and (2) he is estopped from repudiating and invalidating, in part, the divorce entered on May 6, 1971, from which no appeal has been taken.

By his unilateral concession memorialized in the divorce court's findings of fact and conclusions of law, respondent gave assurance to appellant that, until such time as the parties had agreed upon a sale or until such time as a formula for sale is determined, the appellant could live in the residence on the parcel, manage the properties located thereon, retain the income and pay the costs of the use and occupancy.

In *Wolford,* supra, an action was filed for partition of a parcel of property awarded to the parties as tenants in common in a prior annulment proceeding. There, this court said: "Every tenant in common that has the right to the present enjoyment of the property, or the proceeds thereof, is entitled to demand a partition of the property as a matter of right." 65 Nev. at 715, 716. Nevertheless, the right to partition the real property is not absolute and may be waived by reason of an agreement, or, as here, defeated by directives in a prior judgment from which no appeal has been taken. Cf. Rodkey v. Rees, 527 P.2d 1150 (Okla.App. 1974); Goodpasture v. Goodpasture, 278 A.2d 531 (N.J.Super. 1971); Nazzisi v. Nazzisi, 21 Cal.Rptr. 396 (Dist.Ct.App. 1966).

The rule concerning the right to partition was stated by the Illinois court in Arnold v. Arnold, 139 N.E. 592, 593 (Ill. 1923), in the following language: ". . . It has been said in general terms that an adult tenant in common has an absolute right to partition. . . . [B]ut it has been in cases where there was neither an equitable nor legal objection to the exercise of the right, and partition was in accordance with the principles governing courts of equity. Wherever any interest inconsistent with partition has been involved, the general rule has always been qualified by the statement that equity will not award partition at the suit of one in violation of his own agreement, . . . or where partition would be contrary to equitable principles. Partition will not be awarded in a court of equity, where there has been an agreement either not to partition, or where the agreement is such that it is necessary to secure the fulfillment of the agreement that there should not be a partition. Such an agreement may be verbal, if it has been acted upon, and it need not

be expressed, but will be readily implied, and enforced, if necessary to the protection of the parties."

Here the issue of the right to possession and enjoyment of this particular property was litigated in the action for divorce and adjudicated by the divorce decree. It cannot be relitigated in this action for partition between the same parties. The divorce decree is a bar to this subsequent action for partition although partition was not sought in the divorce action. Miller v. Miller, 54 Nev. 44, 3 P.2d 1069 (1931).

The doctrine of equitable estoppel will not permit a party to repudiate acts done or positions taken or assumed by him when there has been reliance thereon and prejudice would result to the other party. See Gardner v. Pierce, 22 Nev. 146, 36 Pac. 782 (1894); Noble Gold Mines Co. v. Olsen, 57 Nev. 448, 66 P.2d 1005 (1937). Cf. Woods v. Bromley, 69 Nev. 96, 241 P.2d 1103 (1952); Beck v. Curti, 56 Nev. 72, 45 P.2d 601 (1935); Sharon v. Minnock, 6 Nev. 377 (1871); Goodpasture v. Goodpasture, supra.

Respondent has voluntarily consented to an occupation and use of the real property which has been embodied in a decree of divorce upon which appellant has relied. By that unilateral concession respondent has waived any right to partition to which he might otherwise have been entitled and he is estopped from proceeding to partition.

In *Nazzisi,* supra, the husband was given the exclusive right to reside on a parcel of property as a result of a property settlement agreement. There the court so found by virtue of the agreement, notwithstanding the general rule that a cotenant may require partition of a cotenancy as a matter of absolute right.

In *Wolford,* supra, where a judgment of partition was affirmed, the facts are readily distinguishable from this case because there a simple designation was made by the court decreeing that property would be held by the parties as tenants in common. There were no restrictions or obligations attached, such as those found in the divorce decree in this case. In *Wolford* there was no waiver or estoppel, therefore partition was mandatory.

In Alexander v. Winters, 23 Nev. 475, 486, 49 P. 116 (1879), this court said: "It is well settled that a person cannot accept and reject the same instrument, or, having availed himself of it as to part, defeat its provisions in any other part."

284

Although reference in *Alexander* was to a contract, the principle is applicable with equal force to a decree of divorce which embodies the unilateral concessions of the respondent.

We conclude that respondent's action for partition is barred by the divorce decree. The judgment of the district court is reversed and the matter is remanded with instructions to enter judgment for appellant.

GUNDERSON, C. J., and ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.