136 Nev., Advance Opinion 40

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TRISHA KUPTZ-BLINKINSOP, N/K/A TRISHA MARGOLIS, Appellant, vs. THOMAS R. BLINKINSOP, Respondent. | No. 78284 <br><br> **FILED** <br><br> JUL 09 2020 <br><br> ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |



Appeal from a district court summary judgment in an action concerning the partition of real property. Eighth Judicial District Court, Clark County; J. Charles Thompson, Senior Judge.

*Affirmed.*

Benjamin B. Childs, Las Vegas,
for Appellant.

Law Offices of George O. West III and George O. West III, Las Vegas,
for Respondent.

BEFORE GIBBONS, STIGLICH and SILVER, JJ.

## OPINION

By the Court, STIGLICH, J.:

Nevada's statute of limitations for actions on judgment, NRS 11.190(1)(a), generally provides that "an action upon a judgment or decree of any court of the United States" must be commenced within six years. We held in *Davidson v. Davidson*, 132 Nev. 709, 718, 382 P.3d 880, 886 (2016), "that the six-year statute of limitations in NRS 11.190(1)(a) applies to

claims for enforcement of a property distribution provision in a divorce decree." In the underlying action, appellant sought to partition real property that a divorce decree from nine years prior awarded to respondent as separate property, since appellant never executed a quitclaim deed to remove her name therefrom. Appellant claims that the decree expired pursuant to *Davidson*, which precluded respondent from enforcing his real property distribution rights under the decree and rendered the property still held in joint tenancy subject to partition.

In this appeal, we clarify that our holding in *Davidson* does not apply to claims for enforcement of real property distribution in divorce decrees because NRS 11.190(1)(a) unambiguously excludes from its purview actions for recovery of real property. We also hold that respondent was not required to renew the divorce decree pursuant to NRS 17.214 to enforce his real property rights and that appellant's partition action is barred by claim preclusion. We therefore affirm the district court's grant of summary judgment and quiet title in favor of respondent.

*FACTS AND PROCEDURAL BACKGROUND*

Appellant Trisha Kuptz-Blinkinsop and respondent Thomas Blinkinsop owned real property located at 2042 Deer Springs Drive in Henderson, Nevada (Deer Springs property), as joint tenants prior to their divorce. In the divorce proceedings, Trisha sought "an equitable distribution and division of all community property assets and debts and separate property and debts of the parties." The parties obtained a divorce decree in 2009 that awarded the Deer Springs property to Thomas "as his sole and separate property" and ordered that Trisha execute a quitclaim deed removing her name from the title within ten days of entry of the divorce decree. However, Trisha never executed any quitclaim deed

removing her name from the Deer Springs property, and Thomas never demanded that Trisha do so or brought action to enforce the decree.

In 2018, Trisha sought to partition the Deer Springs property, claiming that she remained a 50-percent owner because neither party renewed the divorce decree as required by NRS 17.214 and *Davidson* and, therefore, the decree expired under NRS 11.190. Thomas counterclaimed for quiet title and declaratory relief, seeking a judicial declaration that he was the sole owner of the Deer Springs property and that Trisha was judicially estopped from claiming any interest in the property. Thomas also countermoved for summary judgment, arguing that NRS 17.214 and *Davidson* did not apply and that Trisha's partition action was barred by claim preclusion. The district court granted summary judgment in favor of Thomas, determining that NRS 11.190(1)'s limitation did not apply, *Davidson* did not require renewal, and Trisha's partition action was barred by claim preclusion. The district court subsequently quieted title in favor of Thomas, declaring that he was the sole owner of the Deer Springs property and that any of Trisha's interests were extinguished. Trisha appeals.

## DISCUSSION

We review a district court's order granting summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if the pleadings and all other evidence in the record demonstrate that no genuine issue of material fact exists "and that the moving party is entitled to a judgment as a matter of law." *Id.* (internal quotation marks omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be

no genuine issue of material fact." *Id.* at 730, 121 P.3d at 1030 (emphases and internal quotation marks omitted).

The parties do not dispute the material facts in this matter, including that Thomas did not renew the divorce decree. Rather, the relevant inquiry is whether Thomas was entitled to summary judgment as a matter of law because (1) *Davidson* does not apply here, (2) Thomas was not required to renew the decree under NRS 17.214 to enforce his real property rights, and (3) Trisha's partition action was barred by claim preclusion.

*Whether Davidson applies to the facts of this case*

NRS 11.190 provides in part the following:

> [A]ctions other than those for the recovery of real property, unless further limited by specific statute, may only be commenced as follows:
>
> 1. Within 6 years:
>
> (a) Except as otherwise provided in NRS 62B.420 and 176.275, an action upon a judgment or decree of any court of the United States, or of any state or territory within the United States, or the renewal thereof.

In *Davidson*, 132 Nev. at 711-12, 382 P.3d at 881-82, we held that an ex-wife's motion in 2014 to enforce part of her 2006 divorce decree requiring her ex-husband to pay her one-half of the marital home equity was time-barred under NRS 11.190(1)(a). In concluding that the ex-wife's motion was untimely, we held as follows:

> [T]he six-year statute of limitations in NRS 11.190(1)(a) applies to claims for enforcement of a property distribution provision in a divorce decree entered in the family divisions of the district courts. Like any other claim "upon a judgment or decree of any court of the United States, or of [any court of] any state or territory within the United States," *see*

SUPREME COURT
OF
NEVADA

(O) 1947A

4

NRS 11.190(1)(a), actions to enforce the provisions of a divorce decree must be initiated within six years.

*Id.* at 718, 382 P.3d at 886 (second alteration in original). We further concluded that if the ex-wife wanted to prevent her husband from receiving a windfall by not having to pay the equity amounts, she could have renewed her judgment pursuant to NRS 17.214, but she did not do so. *Id.* at 715, 382 P.3d at 884.

Trisha accordingly argues that Thomas's quiet title and declaratory relief counterclaims regarding his interest in the Deer Springs property were time-barred because NRS 11.190 requires actions upon a judgment to be commenced within six years, and under *Davidson*, all aspects of divorce decrees are subject to NRS 11.190(1)(a)'s period of limitations. Reviewing questions of statutory construction de novo, *I. Cox Constr. Co. v. CH2 Invs., LLC*, 129 Nev. 139, 142, 296 P.3d 1202, 1203 (2013), we disagree.

NRS 11.190 unambiguously excludes actions for recovery of real property. It provides that "actions *other than those for the recovery of real property*, unless further limited by specific statute, may only be commenced as follows." *Id.* (emphasis added). "When the language of a statute is plain and unambiguous, a court should give that language its ordinary meaning and not go beyond it." *City Council of Reno v. Reno Newspapers, Inc.*, 105 Nev. 886, 891, 784 P.2d 974, 977 (1989). Because the limitations of NRS 11.190 plainly apply to actions "other than those for the recovery of real property," we conclude that Thomas's quiet title and declaratory relief counterclaims regarding the Deer Springs property were not time-barred

under NRS 11.190(1)(a).[1] Likewise, our holding in *Davidson* that NRS 11.190(1)(a) applies to claims to enforce a property distribution provision in a divorce decree does not apply to this case because NRS 11.190(1)(a) is not implicated.

*Whether Thomas was required to renew the divorce decree pursuant to NRS 17.214*

Trisha further argues that the divorce decree expired and was void because Thomas did not renew it as required by NRS 17.214. Again, we disagree.

NRS 17.214(1) indicates the procedure by which "[a] judgment creditor or a judgment creditor's successor in interest may renew a judgment which has not been paid by" timely filing, recording, and servicing an affidavit. In *Leven v. Frey*, 123 Nev. 399, 409-10, 168 P.3d 712, 719 (2007), we held that such procedures for judgment renewal required strict compliance. However, the plain and unambiguous language of NRS 17.214 applies only to a "judgment creditor" or his or her successor attempting to

---

[1]The applicable limitations period for Thomas's quiet title and declaratory relief claims would have been five years that began when Trisha began her partition action claiming interest in the property. *See* NRS 11.070 (providing that no cause of action founded upon the title to real property is effective unless the person bringing such action "was seized or possessed of the premises in question within 5 years before the committing of the act in respect to which said action is prosecuted or defense made"); NRS 11.080 (providing that no action for the recovery of real property is effective unless the plaintiff "was seized or possessed of the premises in question, within 5 years before the commencement thereof"); *Berberich v. Bank of Am., N.A*, 136 Nev., Adv. Op. 10, 460 P.3d 440, 443 (2020) (noting that the limitations period for a quiet title action "is triggered when the plaintiff is ejected from the property or has had the validity or legality of his or her ownership or possession of the property called into question"). Having brought his counterclaim one week after Trisha's partition action, Thomas's counterclaims were not time-barred.

renew an unpaid judgment, clearly contemplating a monetary judgment or type of indebtedness—not enforcement of a quitclaim deed or decree regarding ownership of real property.

Here, Thomas is merely trying to enforce his ownership rights to the Deer Springs property pursuant to the divorce decree, where no unpaid judgment is involved. Thus, NRS 17.214 is not implicated. We do not intend today to read into the statute a requirement that property owners must renew their judgments every six years in order to enforce their ownership rights when the statute clearly applies to renewal of monetary judgments. *See City Council of Reno*, 105 Nev. at 891, 784 P.2d at 977 (providing that this court will not go beyond the ordinary meaning of an unambiguous statute). We conclude that Thomas was not required to renew the divorce decree pursuant to NRS 17.214 to enforce his real property rights.

*Whether Trisha's partition action was barred by claim preclusion*

In granting summary judgment, the district court concluded that Trisha's partition action was barred by claim preclusion. The application of claim preclusion is a question of law that we review de novo. *G.C. Wallace, Inc. v. Eighth Judicial Dist. Court*, 127 Nev. 701, 705, 262 P.3d 1135, 1137 (2011). "Summary judgment is appropriate when [claim or] issue preclusion bars a claim." *Bonnell v. Lawrence*, 128 Nev. 394, 401, 282 P.3d 712, 716 (2012) (alteration in original) (internal quotation marks omitted).

"Generally, the doctrine of res judicata precludes parties or those in privity with them from relitigating a cause of action or an issue which has been finally determined by a court of competent jurisdiction." *Univ. of Nev. v. Tarkanian*, 110 Nev. 581, 598, 879 P.2d 1180, 1191 (1994),

*holding modified on other grounds by Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 114 Nev. 823, 963 P.2d 465 (1998).[2] "The doctrine is intended to prevent multiple litigation causing vexation and expense to the parties and wasted judicial resources by precluding parties from relitigating issues they could have raised in a prior action concerning the same controversy." *Id.* While issue preclusion is implicated when the parties to an earlier suit are involved in a subsequent litigation on a different claim, claim preclusion applies when "[a] valid and final judgment on a claim precludes a second action on that claim or any part of it." *Id.* at 598-99, 879 P.2d at 1191. In *Five Star Capital Corp. v. Ruby*, we adopted a three-part test for claim preclusion: "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." 124 Nev. 1048, 1054, 194 P.3d 709, 713 (2008) (footnotes omitted), *holding modified by Weddell v. Sharp*, 131 Nev. 233, 350 P.3d 80 (2015).

Reviewing the record and the briefs, we determine that Thomas demonstrated that Trisha's partition action was claim precluded by the divorce decree, which adjudicated the Deer Springs property as Thomas's sole and separate property. First, the parties were the same in the divorce proceeding and the partition action: Trisha and Thomas. Second, the

---

[2]We are not persuaded by Trisha's arguments that *Tarkanian* cannot be relied upon because it was implicitly overruled by *Davidson* and *Leven*. *Tarkanian* dealt with attorney fees and the issue of claim preclusion, not a statute of limitations—as in *Davidson*—or a judgment renewal—as in *Leven*. *See* 110 Nev. at 589, 599, 879 P.2d at 1185, 1191. Therefore, *Davidson* and *Leven* do not implicitly overrule our holdings in *Tarkanian*. Similarly, we reject Trisha's argument that *Davidson* and *Leven* implicitly overruled *Terrible v. Terrible*, 91 Nev. 279, 534 P.2d 919 (1975), which concerned equitable estoppel and waiver.

divorce decree was a final judgment pursuant to the summary proceedings for divorce detailed in NRS Chapter 125, which provides that "[e]ntry of the final judgment upon a petition for a summary proceeding for divorce constitutes a final adjudication of the rights and obligations of the parties with respect to the status of the marriage and the property rights of the parties" except where there is "fraud, duress, accident, mistake or other grounds recognized at law or in equity." NRS 125.184. Third, Trisha's partition action seeking equitable distribution of the Deer Springs property was based on a part of her claim in the prior divorce action. Trisha's action for divorce sought "an equitable distribution and division of all community property assets and debts and separate property and debts of the parties." A determination of the ownership distribution of the Deer Springs property was thus placed at issue and subsequently adjudicated. We therefore conclude that Trisha's partition action was barred by claim preclusion.

## CONCLUSION

We conclude that *Davidson*'s holding that NRS 11.190(1)(a) applies to claims to enforce a property distribution provision in a divorce decree does not apply to the distribution of real property because NRS 11.190(1)(a) does not apply to actions for recovery of real property. We also conclude that Thomas was not required to renew the divorce decree under NRS 17.214 to enforce his real property rights. Lastly, we conclude that Trisha's partition action was barred by claim preclusion. Accordingly, we

affirm the district court's grant of summary judgment and quiet title in favor of Thomas.[3]

_____Stiglich_____, J.
Stiglich

We concur:

_____Gibbons_____, J.
Gibbons

_____Silver_____, J.
Silver

_____

[3]Because we conclude that Trisha's partition action was already barred by claim preclusion, we need not reach the parties' arguments on equitable principles, including equitable estoppel, waiver, laches, and unclean hands. To the extent that there are any factual disputes regarding equitable defenses, none are material facts barring summary judgment. *See Wood*, 121 Nev. at 730, 121 P.3d at 1030.