THE FABRY PARTNERSHIP, Doing Business as S.L.F. ENTERPRISES, Appellant, v. DEAN CHRISTENSEN and ELAINE CHRISTENSEN; JAMES THORLEY; DAVID VAN WAGONER; WAYNE RIRIE; DDWJ, INC., a Nevada Corporation; KENNETH C. BEARD and M. PEGGY BEARD; GENE L. BERMEL and CAROL L. BERMEL; MARVIN BERNSTEIN; AL T. BRUNS and JOSEPHINE C. BRUNS; MERRIL BRYAN and SUSAN BRYAN; ALAN W. BUSBY; BUSBY, BERNSTEIN & POKROY; RUAL G. COFER; JAMES W. GODOWN and LORRAINE W. GODOWN; ALLEN McCONVILLE and BARBARA McCONVILLE, TRUSTEES OF McCONVILLE FAMILY TRUST U.D.T. 11/8/79; NEVILLE POKROY; ALLEN J. ROBERTS; JACK SCOLLIN and HELEN SCOLLIN; JOSEPH SHALEV, TRUSTEE OF JOSEPH SHALEV and BATSHEVA SHALEV LIVING TRUST; R. SPIELLMAN; HAROLD E. TAYLOR; FRANK WADSWORTH; ROBERT J. WEST and MARJORIE A. WEST; CHAUNCEY J. WRIGHT and FRANCINE WRIGHT; GEORGE L. WRIGHT; JACK W. LYCAN and JEAN LYCAN; and SILVER QUEEN LIMITED PARTNERSHIP, Respondents.

No. 19885

June 28, 1990                                    794 P.2d 719

*Lionel Sawyer & Collins, Charles H. McCrea, Jr.* and *Paul Bancroft,* Las Vegas, for Appellant.

*Jeffrey Ian Shaner, Elton & Gomes, James A. Ririe, W. Randall Mainor, Bradley J. Richardson* and *Eric R. Olsen,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

The facts underlying this appeal are not in dispute. On April 24, 1980, the Silver Queen Motel was sold by appellant The Fabry Partnership (Fabry)[1] to the Silver Queen Limited Partnership (the Limited Partnership) for $3,185,000. Approximately $500,000 was paid in cash at the time of the sale and the $2,685,000 balance was secured by a note and deed of trust.

Prior to the sale, on April 1, 1980 a certificate of limited partnership was executed by four general partners to form the Limited Partnership. During April, May and June, 1980, the various respondents invested money in the Limited Partnership and signed the signature page of the certificate of limited partnership. It was the understanding of respondents that by contributing

---

[1]Actually, the motel was sold by the estate of Helen S. Martin, Susan L. Fabry as guardian, and Susan L. Fabry, individually. The note and deed of trust were later assigned to the Fabry partnership.

equal capital and signing the agreement they were becoming limited partners.

On December 29, 1980, the certificate of limited partnership for the Limited Partnership was recorded with the Nye County Recorder, Nye County, Nevada. The certificate had been executed by all the partners. It was dated April 1, 1980, and became effective April 24, 1980, the date the note and deed of trust were executed to facilitate the sale of the motel. For approximately two years, payments were made on the note and the business was operated and managed without participation or control by any of the limited partners. Prior to November 1982, the note had fallen into default. On November 23, 1982, Fabry's predecessor assigned the deed of trust to Fabry. Thereafter, on December 15, 1982, Fabry served and filed a Notice of Breach and Election to Sell under the deed of trust. At a subsequent trustee's sale of the motel held on July 21, 1983, Fabry was the sole bidder and successful purchaser of the property.

Because the amount of the remaining debt exceeded the sale price of the motel, Fabry sought a deficiency judgment against, *inter alia,* each of the limited partners individually.[2] The district court granted summary judgment in favor of the limited partners (respondents) and Fabry appeals.

Fabry contends that the limited partners failed to comply with the statutory requirements for the creation of a limited partnership. NRS 88.030 outlines the requirements for forming a limited partnership. It states in pertinent part:

1. Two or more persons desiring to form a limited partnership shall:
(a) Sign and acknowledge a certificate. . . .
(b) File the certificate for record in the office of the recorder of the county in which the principal place of business of the partnership is maintained, file a certified copy of the original for record in the office of the recorder of each other county in which the partnership maintains a place of business.

NRS 88.030 (effective until January 1, 1987).

Fabry contends that the limited partners failed to comply with NRS 88.030 because no certificate was filed with the Nye County Recorder at the time of the transaction between Fabry and the

---

[2]Issues concerning the identity and liability of general partners are not involved in this appeal.

Limited Partnership. Fabry further argues that the filing of the certificate of limited partnership in December of 1980 cannot relate back to the April transaction. We disagree. Specifically, two provisions in the Nevada Partnership Act militate against Fabry's position. First, NRS 88.030(2) provides in pertinent part:

A limited partnership is formed if there has been *substantial compliance* in good faith [emphasis added].

Therefore, it appears that substantial compliance is sufficient for the formation of a limited partnership. Second, NRS 88.280(1) provides for a liberal construction of the Act. It states:

1. The rule that statutes in derogation of the common law are to be strictly construed shall have no application to this chapter.

Finally, NRS 88.030[3] does not specify a time limit for the recordation of the required certificate.

Based upon the aforementioned statutes, we are persuaded that the trial court properly entered summary judgment dismissing the limited partners from the action below. There was substantial compliance with the Act by the limited partners and the certificate was filed within a "reasonable time." *See* Stowe v. Merriles, 44 P.2d 368 at 369 (Cal.App. 1935) (what is reasonable time must be determined by the circumstances of the particular case).

Furthermore, in the instant case, Fabry knew from the outset that the sale of the Silver Queen Motel involved a limited partnership. This knowledge is supported by the note and deed of trust which clearly identified the Silver Queen Limited Partnership as the purchaser of the motel. Additionally, the business relationship between the parties continued without protest for nearly two years after the filing of the certificate and before default was declared. Fabry cannot now circumvent the Limited Partnership in an attempt to impose individual liability on the limited partners.

In view of our ruling, other issues discussed by the parties need not be addressed. The lower court did not err in granting summary relief to respondents.

In conclusion, we affirm the trial court's entry of summary judgment in favor of the limited partners. As a matter of law, they cannot, under the facts presented on this appeal, be held individually liable as general partners.

---

[3]The statutory provisions underlying our decision, NRS 88.030 and 88.280, were repealed effective January 1, 1987.