ROBERT LEVEN, Appellant, *v.* HERBERT FREY and
CY YEHROS, Respondents.

No. 41716

October 11, 2007                                    168 P.3d 712

[Rehearing denied December 24, 2007]

*Robert Leven*, Las Vegas, in Proper Person.

*Deaner, Deaner, Scann, Malan & Larsen* and *Brent A. Larsen*,
Las Vegas, for Respondents.

*Flangas Law Office* and *Leo P. Flangas*, Las Vegas; *Leonard
Schwartzer*, Las Vegas, for Amici Curiae Leo Flangas and
Louise Ruiz.

Before the Court EN BANC.[1]

## OPINION

By the Court, HARDESTY, J.:

This proper person appeal presents us with an opportunity to clarify the proper procedure for judgment renewal under NRS 17.214 and to address whether judgment creditors are required to strictly comply with the statute's requirements. We conclude that the statute requires the timely filing of an affidavit, timely recording of the affidavit (if the judgment to be renewed was recorded), and timely service of the affidavit to successfully renew a judgment

---

[1]THE HONORABLE MICHAEL L. DOUGLAS, Justice, voluntary recused himself from participating in the decision of this matter.

and that these requirements must be complied with strictly. Since, in this case, respondents did not strictly comply with all of these requirements, the district court improperly denied appellant's motion to declare void the previous judgment, which had expired. We therefore reverse the district court's order and remand this matter to the district court.

## FACTS AND PROCEDURAL HISTORY

After appellant Robert Leven, a one-time condominium owner, and other plaintiffs sued their condominium owners' association, its board of directors, officers, property managers, insurance carriers, and legal counsel, and the condominium developers, the district court adjudicated all parties' claims and entered a judgment against Leven and the other plaintiffs. The original judgment, filed on October 25, 1996, and recorded on October 28, 1996, awarded attorney fees and costs to respondents Cy Yehros, a general contractor, and his business partner, Herbert Frey (collectively Frey).

Between 1996 and 2002, Frey unsuccessfully tried to collect payment from Leven, and as the judgment was due to expire on October 25, 2002,[2] Frey began judgment renewal proceedings in October 2002.

Renewing a judgment generally requires a judgment creditor to file an affidavit of renewal within ninety days of the judgment's expiration and then record and serve the judgment renewal within three days of the affidavit's filing.[3] Here, Frey timely filed his affidavit of judgment renewal on October 18, 2002. However, Frey did not serve the affidavit of renewal until October 30, 2002, and did not record the affidavit until November 4, 2002, well beyond the three-day requirement for recording and service.

As a consequence, Leven moved the court to declare void the expired judgment, arguing that Frey failed to strictly comply with NRS 17.214 because his recording and service were late and, therefore, the judgment was not properly renewed. Frey opposed the motion, arguing that the delay in recording and service, caused by his secretary's vacation, amounted to excusable neglect and oversight. According to Frey, he substantially complied with the statute and thus successfully renewed the judgment. The district court denied Leven's motion and concluded that Frey's delay in recording and service did not result in any prejudice to Leven. Leven has appealed.

---

[2]See NRS 11.190(1)(a) (providing that an action upon a judgment, or the renewal thereof, must be brought within six years); *Evans v. Samuels*, 119 Nev. 378, 75 P.3d 361 (2003) (providing that actions on judgments' renewals must be undertaken within six years).

[3]NRS 17.214.

## DISCUSSION

We review issues of statutory construction de novo.[4] Similarly, whether a statute's procedural requirements must be complied with strictly or only substantially is a question of law subject to our plenary review.[5] Applying these de novo standards, we first discuss what is required to successfully renew the judgment under NRS 17.214 and then address NRS 17.214's required level of compliance.

### Requirements for judgment renewal under NRS 17.214

Under NRS 17.214, timely filing an affidavit, timely recording (if the judgment being renewed was recorded), and timely service are required to successfully renew a judgment.[6] NRS 17.214 expressly refers to these three aspects of judgment renewal—affidavit filing, recording, and service:

> 1. A judgment creditor or his successor in interest may renew a judgment which has not been paid by:
> (a) Filing an affidavit with the clerk of the court where the judgment is entered and docketed, within 90 days before the date the judgment expires by limitation. . . .
>    . . . .
> (b) If the judgment is recorded, recording the affidavit of renewal in the office of the county recorder in which the original judgment is filed within 3 days after the affidavit of renewal is filed pursuant to paragraph (a).
> 2. The filing of the affidavit renews the judgment to the extent of the amount shown due in the affidavit.
> 3. The judgment creditor or his successor in interest shall notify the judgment debtor of the renewal of the judgment by sending a copy of the affidavit of renewal by certified mail, return receipt requested, to him at his last known address within 3 days after filing the affidavit.

Under the statute's express terms, then, a judgment may be renewed by filing an affidavit with the district court within ninety days before the judgment's expiration, recording the affidavit

---

[4]*Harris Assocs. v. Clark County Sch. Dist.*, 119 Nev. 638, 641, 81 P.3d 532, 534 (2003).

[5]*See Matter of Petition of Phillip A. C.*, 122 Nev. 1284, 1293, 149 P.3d 51, 57 (2006) (stating that "[t]he district court's conclusions of law are reviewed de novo").

[6]We note that NRS 17.214 supersedes this court's decision in *Polk v. Tully*, 97 Nev. 27, 623 P.2d 972 (1981), and establishes a statutory procedure for judgment renewal that must be followed.

within three days of filing, and serving the affidavit on the debtor within three days of filing.

Generally, when a statute's language is plain and its meaning clear, the courts will apply that plain language.[7] Here, NRS 17.214's mandatory requirements of filing, recording, and service of the affidavit are plainly set forth and must be followed for judgment renewal.

In particular, NRS 17.214(1)(a)'s requirement, that an affidavit of renewal be filed with the court clerk within 90 days before the judgment expires by limitation, is unambiguous. An action on a judgment or its renewal must be commenced within six years under NRS 11.190(1)(a); thus a judgment expires by limitation in six years. The requirement that an affidavit be filed within ninety days of the expiration of this six-year period provides a clear first step in the procedure for renewing judgments.

Similarly, NRS 17.214(1)(b)'s recordation requirement is clear. If the judgment to be renewed is recorded, the affidavit of renewal must be recorded in the county recorder's office within three days after the affidavit of renewal is filed. The reasoning behind this requirement is clear when it is read together with a related statute, NRS 17.150(2). NRS 17.150(2) creates a lien on a debtor's real property in a particular county when a judgment is recorded in that county; this lien remains in place for six years from the date that the judgment was docketed and continues automatically ''each time the judgment . . . is renewed.''[8] If a previously recorded judgment could be renewed under NRS 17.214 without recordation of the renewal affidavit, then the lien created by NRS 17.150(2) would continue without any recorded notice that the judgment has been renewed and that the lien therefore remains in effect. Instead, requiring recordation of the renewal affidavit for the renewal of a recorded judgment ensures that anyone performing title searches will know that the lien continues.

Further, NRS 17.214(3)'s requisite, that the affidavit of renewal be served on the judgment debtor within three days of filing, is also plain and its meaning clear. Such notice is a necessary part of

---

[7]*International Game Tech. v. Dist. Ct.*, 122 Nev. 132, 152, 127 P.3d 1088, 1102 (2006).

[8]*See Evans v. Samuels*, 119 Nev. 378, 380, 75 P.3d 361, 363 (2003) (noting that ''NRS 17.150(2) provides that a lien is continued when the judgment is renewed''). NRS 17.150(2) provides four exceptions to its automatic lien continuation upon the judgment's renewal: (a) when the enforcement of the judgment is stayed on appeal; (b) when the judgment is for child support arrearages, in which case the lien continues until the judgment is satisfied; (c) when the judgment is satisfied; and (d) when the lien is otherwise discharged. These exceptions are not at issue in this case.

any statutory procedure involving renewed rights under a judgment.[9]

Unlike NRS 17.214's provisions for affidavit filing, recordation and notice, however, the meaning of subsection 2 of the statute, which pertains to the effect of filing the affidavit, is not plain and unambiguous. Consequently, we must examine its meaning more closely.

NRS 17.214(2) states that "[t]he filing of the affidavit renews the judgment to the extent of the amount shown due in the affidavit." This language is susceptible to two different interpretations: either, as argued by amici curiae, the affidavit's filing alone renews the judgment, or the filing of the affidavit establishes only the judgment amount a creditor can collect from a debtor after the judgment is renewed. Since this language is capable of more than one reasonable interpretation, it is ambiguous,[10] and we necessarily look to legislative history and our rules of statutory interpretation.[11]

*Legislative history*

NRS 17.214 was enacted in 1985 and amended in 1995.[12] The original, 1985 version directed the judgment creditor to file an affidavit of renewal and provided that the affidavit filing "renew[ed] the judgment to the extent of the amount shown due in the affidavit."[13] The legislative history indicates that NRS 17.214's enactment was intended to establish a procedure for judgment renewal to allow judgment creditors additional time to collect payment after the original judgment expired.[14] The 1995 amendment, among other changes, added a recording requirement to the statute, dividing subsection 1 into (a) "filing" and (b) "recording,"[15] but it did not amend subsection 2's statement that the "filing of the affidavit renews the judgment to the extent of the amount shown due in the affidavit."[16] The 1995 amendment focused on requiring that affidavits be recorded to ensure that real property

---

[9]*See Browning v. Dixon*, 114 Nev. 213, 217, 954 P.2d 741, 743 (1998) (noting that notice is required by due process in any proceeding that is considered final).

[10]*See Harris Assocs.*, 119 Nev. at 641, 81 P.3d at 534.

[11]*See Potter v. Potter*, 121 Nev. 613, 616, 119 P.3d 1246, 1248 (2005).

[12]1985 Nev. Stat., ch. 223, § 2, at 699; 1995 Nev. Stat., ch. 475, § 21, at 1525.

[13]NRS 17.214(2) (1985); *see also* NRS 17.214(2) (1995).

[14]*See* Hearing on A.B. 500 Before the Senate Judiciary Comm., 63d Leg. (Nev., May 14, 1985).

[15]1995 Nev. Stat., ch. 475, § 21, at 1525 (codified at NRS 17.214(1)(b)).

[16]*Id.* at 1526 (codified at NRS 17.214(2)).

liens are apparent in title searches.[17] Although this amendment did not specifically address the meaning of NRS 17.214(2)'s provision regarding the effect of the affidavit's filing, the amendment demonstrates that the affidavit's filing, alone, does not renew a previously recorded judgment, as recordation is also necessary.

*Statutory construction*

When construing an ambiguous statutory provision, this court determines the meaning of the words used in a statute by "examining the context and the spirit of the law or the causes which induced the legislature to enact it. The entire subject matter and policy may be involved as an interpretive aid."[18] Thus, in interpreting a statute, this court considers the statute's multiple legislative provisions as a whole.[19] Additionally, statutory interpretation should not render any part of a statute meaningless, and a statute's language " 'should not be read to produce absurd or unreasonable results.' "[20]

Applying these statutory construction rules, with the legislative history in mind, we conclude that NRS 17.214(2) can only mean that the filing of the affidavit does not, by itself, renew the judgment but instead establishes the amount of the renewed judgment subject to collection by the creditor.[21] Interpreting NRS 17.214(2) as meaning that affidavit filing alone renews a judgment would completely frustrate the legislative intent behind the 1995 amendment, as it would disregard the recording requirement added to the statute in paragraph (b) of subsection 1 and would result in liens automatically continuing under NRS 17.150(2) without any recorded notice. Further, this interpretation would fail to comply with our rules of statutory interpretation, as it would render the statute's express recording and service requirements meaningless, and thus, produce an unreasonable result.[22]

---

[17]Hearing on S.B. 455 Before the Senate Judiciary Comm., 68th Leg., at 11 (Nev., May 23, 1995).

[18]*McKay v. Bd. of Supervisors*, 102 Nev. 644, 650-51, 730 P.2d 438, 443 (1986) (citation omitted).

[19]*International Game Tech.*, 122 Nev. at 152, 127 P.3d at 1102.

[20]*Harris Assocs.*, 119 Nev. at 642, 81 P.3d at 534 (quoting *Glover v. Concerned Citizens for Fuji Park*, 118 Nev. 488, 492, 50 P.3d 546, 548 (2002), *overruled in part on other grounds by Garvin v. Dist. Ct.*, 118 Nev. 749, 59 P.3d 1180 (2002)).

[21]We note that NRS 17.214(2) is part of both the statute's 1985 version and the 1995 amendment.

[22]*See Harris Assocs.*, 119 Nev. at 642, 81 P.3d at 534.

The only reasonable interpretation of NRS 17.214(2) is that the affidavit simply identifies the judgment amount that a creditor can collect from the debtor after the judgment is successfully renewed. This interpretation gives meaning to all of the statute's provisions and is consistent with the legislative intent to require creditors to record renewed judgments that previously were recorded.

Given the required elements of judgment renewal under NRS 17.214, we next consider the extent to which a creditor must comply with the statute's requirements in order to perfect a judgment renewal.

## Strict versus substantial compliance

The parties present opposing views about how exacting a creditor must be in satisfying NRS 17.214's requirements: Leven argues that a judgment creditor may renew a judgment only by strictly complying with the statute's provisions, and Frey contends that substantial compliance with the statute is sufficient for judgment renewal, when the creditor demonstrates that his delayed recording and service resulted from excusable neglect or oversight and caused no prejudice to the debtor.

In the present case, Frey filed his affidavit of renewal on October 18, 2002, and was required to record and serve the affidavit within three days under NRS 17.214(1)(b) and NRS 17.214(3), respectively. The service, however, did not occur until twelve days later, on October 30, 2002, and the affidavit was not recorded until seventeen days later, on November 4, 2002. Although Frey concedes that he did not "strictly" comply with NRS 17.214(1)(b) and (3)'s statutory three-day recording and service requirements, he argues that he "substantially" complied with the statute and that the delay in recording and service did not prejudice Leven's rights.

This court has never addressed how strictly a creditor must comply with NRS 17.214's judgment renewal provisions and particularly, whether NRS 17.214's judgment renewal requirements can be satisfied by delayed recording and service.[23]

Generally, in determining whether strict or substantial compliance is required, courts examine the statute's provisions, as well as

[23]Other courts examining renewal and revival statutes have reached differing results. *See, e.g., First Federal Savings & Loan Ass'n v. Liebert*, 403 P.2d 183, 184 (Kan. 1965) (stating that, since the procedure for reviving a dormant judgment is purely statutory in its origin, it can only be accomplished in the manner and under the conditions prescribed by the statute); *Fay v. Harris*, 164 P.2d 860, 861-62 (Ariz. 1945) (stating that in order to renew a judgment, a creditor must strictly follow the code section setting forth the procedure for judgment renewal, but concluding at the same time that a creditor's arguably substantial compliance is sufficient under practical circumstances).

policy and equity considerations.[24] Substantial compliance may be sufficient "to avoid harsh, unfair or absurd consequences."[25] Under certain procedural statutes and rules, however, failure to strictly comply with time requirements can be fatal to a case.[26] In other contexts, a court's requirement for strict or substantial compliance may vary depending on the specific circumstances.[27] This court, however, has never indicated that substantial compliance with specific timing requirements is sufficient in the context of recording and service under NRS 17.214. To the contrary, since the statute includes no built-in grace period or safety valve provision,[28] its explicit three-day language leaves little room for judicial construction or "substantial compliance" analysis.[29] Although statutes allowing for a "reasonable time" to act are subject to interpretation for sub-

---

[24]*See* 3 Norman J. Singer, *Statutes and Statutory Construction* § 57:19, at 58 (6th ed. 2001).

[25]*Id.*

[26]*See* NRS 11.190 (limitation of actions); NRAP 4(a)(1) (time and location for filing a notice of appeal).

[27]*See Van Keppel v. United States*, 206 F. Supp. 42, 44 (D. Kan. 1962) (explaining that, in an action by a taxpayer to recover a tax overpayment, if a statutory provision relates to the essence of the directed requirement so that noncompliance will frustrate the legislative intent, it is mandatory, but if a provision relates to a detail of procedure rather than to substance, it is directory only and substantial compliance is sufficient); *Jones v. Short*, 696 P.2d 665 (Alaska 1985) (deciding that a party "substantially complies" by engaging in conduct that falls short of strict compliance with statutory requirements but nevertheless affords to the public the same protection as would strict compliance); *White v. Prince George's County*, 877 A.2d 1129, 1137 (Md. Ct. Spec. App. 2005) (concluding that, in the context of a tort action, under certain circumstances, a litigant may be excused from strict compliance with a notice obligation, so long as he fulfills the statute's purpose by substantial compliance with the statutory requirements).

[28]*See, e.g.*, *The Fabry Partnership v. Christensen*, 106 Nev. 422, 425, 794 P.2d 719, 720-21 (1990) (explaining that failure to file a limited partnership certificate with the county recorder was not fatal to the partnership's formation, since the statute governing limited partnership formation (1) had a built-in "substantial compliance" provision, (2) did not specify a time limit for recording the required certificate, and (3) specifically provided that the general rule that statutes in derogation of the common law are to be strictly construed had no application to NRS Chapter 88 (governing limited partnerships)); *cf. Pellegrini v. State*, 117 Nev. 860, 869, 34 P.3d 519, 526 (2001) (acknowledging that a court could entertain a petition for post-conviction relief filed after NRS 34.726(1)'s one-year time limit, since the statute itself has a built-in provision allowing the petitioner to file beyond the one-year time limit when good cause is shown for the delay).

[29]NRS 17.214(3) provides that the creditor seeking to renew a judgment "shall" notify the judgment debtor of the renewal by serving a copy of the affidavit of renewal on the debtor within three days after filing the affidavit. As we have previously explained, "shall" is a mandatory term indicative of the Legislature's intent that the statutory provision be compulsory, thus creating a duty rather than conferring discretion. *Washoe Med. Ctr. v. Dist. Ct.*, 122 Nev. 1298, 1303, 148 P.3d 790, 793 (2006).

stantial compliance, those with set time limitations are not.[30] Our interpretation of the statute's timing requirements and our conclusion that those requirements must be complied with strictly is consistent with the general tenet that "time and manner" requirements are strictly construed, whereas substantial compliance may be sufficient for "form and content" requirements.[31] Since, here, Frey's renewal affidavit was timely filed, we only address the timing requirements for recording and service.

As set forth above, the recording requirement's main purpose is to procure reliability of title searches for both creditors and debtors since any lien on real property created when a judgment is recorded continues upon that judgment's proper renewal.[32] The statute's three-day unequivocal requirement for prompt recording

---

[30]*Compare Azevedo v. Minister*, 86 Nev. 576, 583-84, 471 P.2d 661, 666 (1970) (analyzing NRS 104.2201(2), which provides that, for contracts governed under the Uniform Commercial Code, a confirming memorandum must be sent within a "reasonable time" after an oral contract is made in order for the contract to become effective, and concluding that appellant's delay of ten weeks was not unreasonable as a matter of law but must instead be considered under the circumstances presented), *with Carrell v. Justice's Court*, 99 Nev. 402, 663 P.2d 697 (1983) (adopting a strict reading of NRS 175.011(2), which required the filing of a jury trial demand within five days before trial (the present version of former NRS 175.011(2) allows the defendant thirty days to file a jury trial demand)).

[31]*See Daugherty v. Dearborn County*, 827 N.E.2d 34, 36 (Ind. Ct. App. 2005) (explaining that a statute with a built-in 180-day time limit for serving notice of a tort claim was subject to strict compliance, even though other aspects of the statutory scheme were subject to review for substantial compliance); *Schooler v. Iowa Dept. of Transp.*, 576 N.W.2d 604, 607-08 (Iowa 1998) (concluding that failing to serve notice within a statue's thirty-day time limitation precluded condemnees from appealing an award made in a condemnation proceeding and the condemnees' argument that they substantially complied with the notice requirement was unavailing since it would require the court to ignore the clear language of the statute); *Kirkpatrick v. City of Glendale*, 99 S.W.3d 57, 60 (Mo. Ct. App. 2003) (indicating that giving notice of a tort claim within ninety days, as set forth by statute, was a condition precedent to maintaining a tort action, which condition must be complied with strictly, while the statute's other requirements, governing the form of notice, were subject to review for substantial compliance); *Regency Investments v. Inlander Ltd.*, 855 A.2d 75, 79 (Pa. Super. Ct. 2004) (concluding that the doctrine of substantial compliance does not apply when the timeliness of serving notice is at issue, and thus, the trial court properly struck a mechanics' lien claim since notice of the claim was not served until one month after the statutory time period allowed for service); *American Standard Homes Corp. v. Reinecke*, 425 S.E.2d 515, 518 (Va. 1993) (indicating that, unless a lien is perfected within the time outlined by statute, it is lost); *Marsh-McLennan Bldg., Inc. v. Clapp*, 980 P.2d 311, 313 n.1 (Wash. Ct. App. 1999) (explaining that an unlawful detainer statute's time requirements for filing a notice must be complied with strictly, while substantial compliance with the statute's requirements regarding the form and content of the notice was sufficient).

[32]*See* NRS 17.150(2).

accomplishes this purpose in a reasonable and efficient manner. The Legislature did not provide for any deviations from this requirement, and we perceive no reason to extend this period in contravention of the Legislature's clear and express language.[33] As a practical matter, substantial compliance with the recording requirement is not supportable, as it would undermine the legislative intent that the debtor and third parties be promptly notified that the lien on the debtor's real property has continued. Substantial compliance could create situations in which a title search would indicate that a judgment lien has terminated when, in fact, it has not. These types of situations were meant to be avoided by the Legislature's adoption of NRS 17.214(1)(b)'s recording requirement. Consequently, a judgment creditor must strictly comply with this requirement, which Frey concedes that he failed to do.

The final requisite in the judgment renewal process, service of the renewal affidavit, implicates the judgment debtor's due process rights. As this court stated in *Browning v. Dixon*, notice is "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality."[34] We agree with the Supreme Court of North Dakota that because judgment renewal proceedings are purely statutory in nature and are a measure of rights, a court cannot deviate from those judgment renewal conditions purposefully stated by the Legislature.[35]

Thus, we conclude that a judgment creditor must strictly comply with the timing requirement for service under NRS 17.214(3) in order to successfully renew the judgment. As Frey failed to comply with this service requirement as well as the recordation requirement, the judgment against Leven was not properly renewed and thus, it expired.

## CONCLUSION

NRS 17.214 requires a judgment creditor to timely file, record (when the judgment to be renewed is recorded), and serve his or her affidavit of renewal to successfully renew a judgment, and strict compliance with these provisions is required. As Frey did not timely record and serve his affidavit of renewal, he did not comply

---

[33]*Cf.* NRCP 4(i) (allowing a party to file a motion to enlarge time for service and show good cause why the enlargement is warranted); *Hardin v. Jones*, 102 Nev. 469, 727 P.2d 551 (1986) (stating that the ten-day time period provided by NRS 612.495(1) for appealing from an unemployment benefit determination is extended by application of NRCP 6(e), allowing three extra days when the notice of determination was sent by mail).

[34]114 Nev. 213, 217, 954 P.2d 741, 743 (1998) (internal quotation marks and citations omitted).

[35]*Swanson v. Flynn*, 31 N.W.2d 320, 324 (N.D. 1948).

with NRS 17.214(1)(b) and (3), and thus he failed to successfully renew the judgment. We therefore reverse the district court's order denying Leven's motion to declare void the expired judgment and remand this matter to the district court with instructions that it grant the motion.[36]

MAUPIN, C. J., GIBBONS, PARRAGUIRRE, CHERRY and SAITTA, JJ., concur.

---

[36]We deny appellant's request to file a response to the amici curiae brief.