FILED

**NOT FOR PUBLICATION**

MAR 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>In re: FRANK A. ROMANO; MARIA<br>ROMANO,<br><br>   Debtors,</td><td>No. 08-60049<br><br>BAP Nos. NV-08-1139-DHMo<br>     NV-08-1140-DHMo<br>     NV-08-1142-DHMo</td></tr>
<tr><td>FRANK A. ROMANO; MARIA<br>ROMANO,<br><br>   Appellants,<br><br>   v.<br><br>RUDOLPH LA VECCHIA; RUDOLPH<br>M. LA VECCHIA,<br><br>   Appellees.</td><td>MEMORANDUM[*]</td></tr>
</table>

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Hollowell, Montali, and Dunn, Bankruptcy Judges, Presiding

Submitted March 12, 2010[**]
San Francisco, California

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: HALL, NOONAN and CALLAHAN, Circuit Judges.

Frank and Maria Romano appeal the judgment of the Bankruptcy Appellate Panel ("the BAP") affirming the bankruptcy court's order that the Romanos' judgment against Rudolph LaVecchia and Rudolph M. LaVecchia was unenforceable. We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1). We affirm.

We review the decision of the BAP de novo and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *In re Boyajian*, 564 F.3d 1088, 1090 (9th Cir. 2009). We review the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. *In re Salazar*, 430 F.3d 992, 994 (9th Cir. 2005).

Federal Rule 69, applicable in bankruptcy court through Rule 7069 of the Federal Rules of Bankruptcy Procedure, provides that the procedures for execution of a money judgment entered by a federal court are governed by the state where the court is located. Fed. R. Civ. P. 69; Fed. R. Bankr. P. 7069. The parties do not dispute that Nevada law applies.

Under Nevada law, a judgment expires six years after it is entered, unless the judgment is renewed during the ninety-day period prior to its expiration. *See* Nev.

2

Rev. Stat. §§ 17.214, 11.190(1)(a); *Leven v. Frey*, 168 P.3d 712, 715 (Nev. 2007) ("[A] judgment expires by limitation in six years."). Nevada requires "strict compliance" with the "unambiguous" statutory procedures for renewal. *See id*. at 717-19.

The Romanos' judgment against the LaVecchias, obtained in an adversary proceeding, was entered by the bankruptcy court on September 18, 1995. The Romanos filed an affidavit of renewal on April 5, 2002. They filed a second affidavit of renewal on March 6, 2008. On April 17, 2008, the LaVecchias filed a "Motion to Vacate the Affidavit of Renewal," contending that the 2002 renewal was untimely, so the judgment was no longer enforceable.

The Romanos concede that the 2002 renewal was untimely, but they contend that the LaVecchias waived their right to assert that the judgment had expired. They also assert that the bankruptcy court erred in relying on Rule 69 rather than Rule 60(b) to resolve the LaVecchias' motion. These arguments are without merit.

First, the LaVecchias did not waive their right to challenge the untimely renewal. Nevada's statutory scheme for judgment renewal does not require a debtor to respond to a creditor's renewal of a judgment. *See* Nev. Rev. Stat. § 17.214. The Romanos have cited no cases finding a duty on the part of a debtor to challenge a creditor's untimely renewal. Even if the LaVecchias were under a duty

3

to act, they did so in a timely manner. As the BAP noted, the Romanos did not undertake any collection activity on the judgment between the 2002 renewal and the 2008 renewal, and "[t]he LaVecchias raised the failure to renew the Judgment timely as they would an affirmative defense when the prospect of further collection activity in Nevada by the Romanos was indicated by the Second [2008] Renewal."

Second, the Romanos have cited no case precluding a bankruptcy court from looking to Rule 69 to resolve a motion brought by a judgment debtor. Rule 69 directs federal courts to state law for the procedures governing "proceedings supplementary to and in aid of judgment of execution" of a money judgment. Fed. R. Civ. P. 69; *In re Estate of Ferdinand E. Marcos Hum. Rts. Litig.*, 536 F.3d 980, 987-88 (9th Cir. 2008). The bankruptcy court was not required to treat the motion to vacate the renewal affidavit as brought under Rule 60(b), which lists "Grounds for Relief from a Final Judgment, Order, or Proceeding." In Nevada, filing a judgment renewal is a "ministerial act." *O'Lane v. Spinney*, 874 P.2d 754, 755 (Nev. 1994). The renewal affidavit did not create a new judgment, nor did it involve an order or proceeding such that Rule 60(b) would apply.

**AFFIRMED.**

4