# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOEANN MCCLANDON, AN
INDIVIDUAL,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
KENNETH C. CORY, DISTRICT
JUDGE,
Respondents,
  and
DAKEM & ASSOCIATES, LLC, A
LIMITED LIABILITY COMPANY,
Real Party in Interest.

No. 69949

**FILED**

NOV 29 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus challenging a district court order denying a motion to set aside a renewed judgment for failure to comply with NRS 17.214's renewal procedures.

### I.

On September 29, 2005, real party in interest Dakem & Associates, LLC, obtained a judgment against petitioner JoeAnn McClandon in the amount of $73,401 and $480.71 for legal costs after a two-day bench trial. Thereafter, Dakem began efforts to enforce judgment, which were ultimately unsuccessful. Because civil judgments are only enforceable for a period of six years pursuant to NRS 11.190(1), Dakem was required to renew its judgment under NRS 17.214 by

16-36894

September 29, 2011, unless the statute of limitations period was tolled.[1] After this deadline passed, on February 23, 2012, Dakem filed an ex parte motion to renew judgment with the district court, which was granted on March 13, 2012, and filed on March 15, 2012. Although Dakem claims it sent several notices to McClandon's last known address, McClandon maintains that she never received those notices.

Over three years later, on April 13, 2015, McClandon filed a motion with the district court to vacate Dakem's renewal of judgment and have the original judgment declared expired. After full briefing and argument by both parties, the district court denied McClandon's motion. McClandon's counsel then withdrew from representation, and McClandon filed a timely pro se appeal. This court dismissed McClandon's appeal on July 31, 2015, stating that "[n]o statute or court rule provides for an appeal from either an order denying a motion to declare a judgment expired or an order denying a motion to quash a bench warrant." *McClandon v. Dakem & Assocs., LLC*, Docket No. 68430 (Order Dismissing Appeal, July 31, 2015).

McClandon now petitions this court for a writ of mandamus to command the district court to vacate the March 15, 2012, order renewing

---

[1] Dakem persuaded the district court the statute of limitations period was tolled by the stay ordered at McClandon's behest during her original appeal of the judgment. The parties dispute whether the stay came into effect because McClandon failed to post the supersedeas bond ordered. *See* NRCP 62(d) (noting that a stay of execution pending appeal "is effective when the supersedeas bond is filed"). A question of voidness also may arise under *Leven v. Frey*, 123 Nev. 399, 168 P.3d 712 (2007). Because we resolve this petition on procedural grounds, we express no opinion on either issue.

judgment and declare the September 29, 2005, judgment against McClandon expired.

## II.

"Writs of mandamus . . . are extraordinary remedies and are available when the petitioner has no 'plain, speedy and adequate remedy in the ordinary course of law.'" *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 474, 168 P.3d 731, 736 (2007) (quoting NRS 34.170). A writ of mandamus is "available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *see also* NRS 34.160. Whether a writ of mandamus will be considered is within this court's sole discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991).

The right to immediately appeal a final judgment generally constitutes a plain, speedy and adequate remedy at law. *D.R. Horton*, 123 Nev. at 474, 168 P.3d at 736. Thus, if a party has a right to appeal, then there is an adequate legal remedy available to a party, and therefore a writ of mandamus will not lie. In *Leven v. Frey*, 123 Nev. at 401-02, 168 P.3d at 714, this court exercised jurisdiction over a judgment debtor's direct appeal from an order declining to declare an improperly renewed judgment void as a matter of law. NRAP 40 permits a party to petition this court for rehearing if error or misapprehension of record facts occurred.

As *Leven* establishes, McClandon had a plain, speedy, and adequate legal remedy in the form of a direct appeal from the district court's denial of her motion to vacate Dakem's motion to renew the

judgment. She timely appealed the district court's denial of her motion to this court but failed to cite *Leven* or make clear the scope and jurisdictional basis for her appeal. As a result, this court dismissed her appeal on the grounds that there was "[n]o statute or court rule [that] provides for an appeal from either an order denying a motion to declare a judgment expired or an order denying a motion to quash a bench warrant." *McClandon*, Docket No. 68430 (Order Dismissing Appeal, July 31, 2015). It appears that we may have incorrectly dismissed her appeal to the extent it concerned the judgment as distinguished from the bench warrant based on confusion in the record.

McClandon, however, was not without recourse. She could have chosen to petition this court for rehearing under NRAP 40(c)(2), clarifying the scope and jurisdictional basis for her appeal and citing *Leven* and similar authority. That McClandon failed to timely petition this court for rehearing of its order of dismissal defeats extraordinary writ relief. *See* 52 Am. Jur. 2d *Mandamus* § 38, at 366 (2011) ("A writ of mandamus will not be issued even though another available remedy is not available at the time it is applied for if the petitioner had a clear legal remedy, adequate to enforce his or her rights, which he or she failed to pursue.") (footnotes omitted). McClandon's appeal and her unused petition for rehearing constituted a plain, speedy, and adequate legal remedy that precludes the issuance of a writ of mandamus. Although McClandon was proceeding pro se, legal and procedural requirements still apply. *See Vanisi v. State*, 117 Nev. 330, 340, 22 P.3d 1164, 1171 (2001).

Because McClandon had a plain, speedy, and adequate remedy at law in the form of an appeal and a petition for rehearing, a writ of mandamus is inappropriate. Therefore, we

ORDER the petition DENIED.

_____ C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc:    Hon. Kenneth C. Cory, District Judge
       Tanner Harris Law Firm, LLC
       Law Office of Daniel Marks
       Eighth District Court Clerk