NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 4 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMES NALDER, Guardian Ad Litem on behalf of Cheyanne Nalder; GARY LEWIS, individually,

Plaintiffs-Appellants,

v.

UNITED AUTOMOBILE INSURANCE COMPANY,

Defendant-Appellee.

No.   13-17441

D.C. No.
2:09-cv-01348-RCJ-GWF

ORDER*

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted January 6, 2016
Submission Withdrawn June 1, 2016
Resubmitted June 2, 2020
San Francisco, California

Before:  O'SCANNLAIN, W. FLETCHER, and PAEZ, Circuit Judges.

We must resolve three motions that are before this court: United Automobile

Insurance Company's (UAIC's) Motion to Dismiss for Lack of Standing (Dkt. 44);

James Nalder and Gary Lewis's Motion to Supplement the Record (Dkt. 67); and

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Nalder and Lewis's Motion to Take Judicial Notice, or, in the Alternative to Supplement the Record (Dkt. 83). Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

In its Motion to Dismiss for Lack of Standing, UAIC argues that Nalder's default judgment against Lewis expired and is therefore unenforceable. As a result, UAIC contends that Nalder and Lewis no longer have standing to bring their claims against UAIC.

Under Nevada Revised Statute § 11.190(1)(a), a judgment normally expires after six years unless a party either renews the judgment or brings "an action upon [the] judgment." *See Leven v. Frey*, 168 P.3d 712, 715 (Nev. 2007) ("An action on a judgment or its renewal must be commenced within six years under NRS 11.190(1)(a); thus a judgment expires by limitation in six years."). Renewing a judgment requires strict compliance with the procedures set out in Nev. Rev. Stat. § 17.214. *Id.* at 719.

In the case of Nalder's default judgment against Lewis, the Notice of Entry of Judgment was filed on August 26, 2008. Thus, the judgment would have expired on August 26, 2014, unless Nalder or Lewis either renewed the judgment or brought an action upon the judgment. There is no dispute that Nalder and Lewis did not follow the procedures of Nev. Rev. Stat. § 17.214 to renew the judgment.

Therefore, the remaining questions are whether Nalder and Lewis brought an action upon the judgment and, if they did not, whether they can continue to seek consequential damages based on the expired judgment.

The Nevada Supreme Court, answering a certified question from our court, held that Nalder and Lewis's federal action against UAIC for "breach of its duty to defend is not an action upon Nalder's state court judgment against Lewis." *Nalder v. United Auto. Ins. Co.*, No. 70504, 2019 WL 5260073, at *2 (Nev. Sept. 20, 2019). As the court explained, "[a]n 'action upon a judgment' as referenced in [Nev. Rev. Stat. §] 11.190(1)(a) is a distinct cause of action under the common law." *Id.* Because Nalder and Lewis's suit against UAIC is not such an action, it does not renew Nalder's default judgment against Lewis under § 11.190(1)(a).

Furthermore, the Nevada Supreme Court concluded that Nalder and Lewis cannot continue to seek consequential damages for breach of the duty to defend. *Id.* Because Nalder's default judgment against Lewis expired, Lewis is no longer liable to Nalder for that judgment. Consequently, "UAIC is not liable for that judgment as a result of breaching its duty to defend Lewis in the action that led to it." *Id.* at *3. And, because Nalder and Lewis did not suffer an injury as a result of UAIC's failure to defend Lewis, they lack standing.

II

Shortly after the Nevada Supreme Court answered our certified question,

3

Nalder and Lewis filed a Motion to Supplement the Record. They subsequently filed a Motion to Take Judicial Notice, or, in the Alternative to Supplement the Record.

We have the "inherent authority to supplement the record in extraordinary cases." *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003). However, we normally "will not supplement the record on appeal with material not considered by the trial court." *Daly-Murphy v. Winston*, 837 F.2d 348, 351 (9th Cir. 1987). Moreover, as an appellate court, "[i]t is rarely appropriate for [us] to take judicial notice of facts that were not before the district court." *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n.7 (9th Cir. 2000).

Nalder and Lewis claim that the proposed record supplements will show that there are still valid and enforceable judgments against Lewis. They also cite Nevada tolling statutes to argue that Nalder's judgment against Lewis did not expire. Thus, the underlying reason why Nalder and Lewis ask us to grant their motion is so that they may present arguments that they still have standing in their suit against UAIC.

If Nalder and Lewis had wanted us to consider their arguments about Nevada tolling statutes, they should have offered them in their response to UAIC's Motion to Dismiss for Lack of Standing over three years ago, before we certified our second question to the Nevada Supreme Court. Because they did not, such

4

arguments are waived. *See United States v. Dreyer*, 804 F.3d 1266, 1277 (9th Cir. 2015). Furthermore, it is irrelevant whether Nalder has obtained additional judgments against Lewis in Nevada state court because such other judgments were not the basis for their complaint against UAIC in this case.

Accordingly, we conclude that Nalder and Lewis have not presented adequate justification for why we should take the extraordinary steps of supplementing the record or taking judicial notice of facts that were not before the district court.

III

Appellee's Motion to Dismiss for Lack of Standing, filed with this court on March 14, 2017, is GRANTED. Appellants' Motion to Supplement the Record, filed with this court on November 14, 2019, is DENIED. Appellants' Motion to Take Judicial Notice, or, in the Alternative to Supplement the Record, filed with this court on May 1, 2020, is DENIED.

**APPEAL DISMISSED.**