**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM R. MILLER,

              Plaintiff-Appellant,

v.

CRISIS COLLECTION MANAGEMENT,
LLC; et al.,

              Defendants-Appellees.

No.    22-16819

D.C. No.
2:22-cv-00262-JCM-BNW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted October 3, 2023
Las Vegas, Nevada

Before: RAWLINSON and OWENS, Circuit Judges, and FITZWATER,[**] District
Judge.

Plaintiff-Appellant William R. Miller ("Miller") appeals the district court's

judgment granting the Federal Rule of Civil Procedure 12(b)(6) motion of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Sidney A. Fitzwater, United States District Judge for the
Northern District of Texas, sitting by designation.

Defendants-Appellees Crisis Collection Management, LLC, Christopher Eric Mumm, and Robert H. Broili (collectively, "CCM") to dismiss his putative class action asserting claims under the Fair Debt Collection Practices Act ("FDCPA").[1]  Miller alleged that CCM, as a debt collector, violated the FDCPA by attempting to collect a debt—a default judgment entered against Miller in 1997 and allegedly renewed in 2003, 2009, 2015, and 2021—despite the fact that the judgment had not been properly renewed in accordance with the strict requirements of Nev. Rev. Stat. §§ 17.150 and 17.214.  The district court held that Miller's complaint failed as a matter of law because the renewals of the judgment were valid.

"We review *de novo* the district court's judgment granting a 12(b)(6) motion for failure to state a claim upon which relief can be granted."  *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017) (citation omitted).  "We review the district court's interpretation of state law, including state statutes, *de novo*."  *Wetzel v. Lou Ehlers Cadillac Grp. Long Term Disability Ins. Program*, 222 F.3d 643, 646 (9th Cir. 2000) (en banc) (citation omitted).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part.

1.  The district court correctly held that CCM complied with Nev. Rev. Stat. § 17.214 when it repeatedly renewed the judgment against Miller within the 90-day

---

[1] Miller also asserts a related claim for declaratory relief.

period before the expiration of the prior renewal. In Nevada, a judgment is valid for six years before it must be renewed. Nev. Rev. Stat. § 11.190(1)(a). To renew an unpaid judgment, the creditor must file with the clerk of court an affidavit of renewal "within 90 days before the date the judgment expires by limitation." *Id.* § 17.214(1)(a). "Successive affidavits for renewal may be filed within 90 days before the preceding renewal of the judgment expires by limitation." *Id.* § 17.214(4). The limitations period begins on the date of "the last transaction or the last item charged or last credit given," or at the time the last overdue payment is made, and expires six years later. *Id.* §§ 11.190(1)(a), 11.200, 17.150(2); *see also Davidson v. Davidson*, 382 P.3d 880, 885 (Nev. 2016). Here, the "last transaction" between Miller and CCM at the time of each relevant renewal was the immediate preceding renewal. Thus the limitations period for each renewal began to run on the renewal filing date, and the 90-day window for filing a successive renewal opened 90 days before the sixth anniversary of that filing date—*not* 90 days before the anniversary of the original judgment. Accordingly, the district court correctly held that CCM's judgment renewals in 2009, 2015, and 2021 were not void for failure to comply with this requirement of § 17.214.

2. But the district court erred in holding that a judgment renewal is effective if the affidavit of renewal on which it is based is mailed to the debtor before the

affidavit is filed with the clerk of court.  Under Nevada law, a judgment is only successfully renewed upon "the timely filing of an affidavit, timely recording of the affidavit (if the judgment to be renewed was recorded), and timely service of the affidavit." *Leven v. Frey*, 168 P.3d 712, 713-14 (Nev. 2007); *see also BMO Harris Bank, N.A. v. Whittemore*, 535 P.3d 241, 244 (Nev. 2023) (reaffirming *Leven*). Contrary to CCM's contention and the district court's holding, these three requirements cannot be satisfied in just any sequence.  *Leven* states that the filing requirement is "a clear first step in the procedure for renewing judgments," indicating that filing must occur before service.  *Leven*, 168 P.3d at 715.  This reading of § 17.214(3), which states that notice of renewal must be mailed "*within* 3 days *after* filing the affidavit," Nev. Rev. Stat. § 17.214(3) (emphasis added), avoids rendering any language superfluous and also accords with Nevada courts' interpretation of similar language in § 17.214(1)(a), *see, e.g.*, *O'Lane v. Spinney*, 874 P.2d 754, 755 & n.2 (Nev. 1994) (holding that "within 90 days before the date the judgment expires by limitation" means between the ninetieth day before the expiration date and the expiration date).  It is undisputed that, for the 2009 renewal, CCM mailed the affidavit of renewal to Miller on March 11, 2009, before CCM filed the affidavit with the clerk of court on March 16, 2009.  Therefore, the attempt to renew the judgment was invalid.  And the judgment was still invalid (having not been properly renewed in

2009) when CCM attempted to renew it in 2015 and 2021. The district court erred when it dismissed Miller's complaint on the basis that his claims were all predicated on the erroneous assertion that CCM's renewals were invalid. To the contrary, the 2009, 2015, and 2021 renewals *were* invalid.

We therefore affirm the judgment in part, reverse the judgment in part, and remand this case for further proceedings consistent with this memorandum disposition. Each party shall bear his or its own taxable costs of court.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**