140 Nev., Advance Opinion 22

## IN THE SUPREME COURT OF THE STATE OF NEVADA

LANCE POSNER; AND EVA POSNER,
Appellants,
vs.
U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR MASTR ASSET
BACKED SECURITIES TRUST 2006-
HE1, MORTGAGE PASS THROUGH
CERTIFICATES, SERIES 2006-HE1;
AND QUALITY LOAN SERVICE
CORPORATION, A FOREIGN
CORPORATION,
Respondents.

No. 85860

FILED

APR 04 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a motion for a preliminary injunction in an action to quiet title. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Senior Judge.

*Affirmed.*

Robert W. Lueck, Ltd., and Robert W. Lueck, Las Vegas,
for Appellants.

Wright, Finlay & Zak, LLP, and Christina V. Miller and Robert A. Riether,
Las Vegas,
for Respondent U.S. Bank National Association.

BEFORE THE SUPREME COURT, STIGLICH, LEE, and BELL, JJ.

SUPREME COURT
OF
NEVADA

(O) 1947A

24-11867

## OPINION

By the Court, LEE, J.:

NRS 106.240 provides that certain liens on real property are automatically cleared from the public records after a specified period of time. More precisely, the statute provides that a lien that is created by a mortgage or deed of trust on real property is conclusively presumed to be discharged "10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due."

We recently held in *LV Debt Collect, LLC v. Bank of New York Mellon*, 139 Nev., Adv. Op. 25, 534 P.3d 693 (2023), that recording a notice of default to institute nonjudicial foreclosure proceedings does not trigger NRS 106.240's 10-year time frame. In this opinion, and for reasons similar to those in *LV Debt Collect*, we clarify that instituting judicial foreclosure proceedings likewise does not trigger the 10-year time frame. We therefore affirm the district court's order denying appellants' motion for a preliminary injunction.

### FACTS AND PROCEDURAL HISTORY

In 2005, appellants Lance and Eva Posner purchased the subject property. The sellers had an outstanding loan that was secured by a deed of trust on the property. The Posners assumed responsibility for the loan, and the deed of trust was eventually assigned to respondent U.S. Bank. In September 2012, U.S. Bank filed a judicial foreclosure action against the Posners. U.S. Bank's complaint alleged that "[t]he amount owing under the Note has become accelerated in accordance with the terms of the Note and Deed of Trust" and that "there remains due and owing under the Note the approximate principal amount of $937,000.00." U.S. Bank did

 

not pursue the judicial foreclosure, and in July 2013, it voluntarily dismissed its lawsuit without prejudice.[1]

The Posners remained in default on the loan through 2019, at which point they filed an action in federal district court. In that case, the Posners alleged that a fraudulent deed of trust assignment from 2012 deprived U.S. Bank of the right to foreclose on their property. The federal district court granted U.S. Bank's motion to dismiss that action with prejudice in 2020.

Thereafter, the Posners filed the underlying state-court action in 2022. Their complaint asserted a claim for quiet title, alleging that the 10-year period in NRS 106.240 was triggered in 2012 when U.S. Bank filed its judicial foreclosure action, such that by 2022, the deed of trust had been extinguished as a matter of law.[2] The Posners sought a preliminary injunction to prevent U.S. Bank's scheduled nonjudicial foreclosure sale. The district court denied the request for an injunction, finding the Posners' claims had no likelihood of success. The Posners now appeal.

---

[1]The record reflects that respondent Quality Loan Service Corporation is U.S. Bank's foreclosure trustee. Although named as a defendant in the underlying matter and a respondent in this appeal, Quality Loan Service has not filed a brief in this matter.

[2]The Posners also asserted a claim for fraud, alleging that the 2012 deed of trust assignment to U.S. Bank was either fraudulent or improperly notarized. The district court found that this claim was barred by issue and claim preclusion based on the Posners' 2019 federal lawsuit. To the extent the Posners challenge this finding on appeal, we are not persuaded that any exception to issue preclusion applies. *Cf.* Restatement (Second) of Judgments § 28 (Am. L. Inst. 1982) (listing scenarios when issue preclusion should not apply even though an issue was actually and necessarily litigated).

SUPREME COURT
OF
NEVADA

(O) 1947A

We typically review a district court's denial of a preliminary injunction for an abuse of discretion. *Excellence Cmty. Mgmt., LLC v. Gilmore*, 131 Nev. 347, 351, 351 P.3d 720, 722 (2015). But where, as here, the denial of injunctive relief presents a purely legal issue, our review is de novo. *Sowers v. Forest Hills Subdiv.*, 129 Nev. 99, 108, 294 P.3d 427, 433 (2013). "A preliminary injunction is proper where the moving party can demonstrate that it has a reasonable likelihood of success on the merits and that, absent a preliminary injunction, it will suffer irreparable harm for which compensatory damages would not suffice." *Excellence Cmty. Mgmt.*, 131 Nev. at 350-51, 351 P.3d at 722. Here, we focus solely on the Posners' likelihood of success on the merits of their quiet title claim because that was the primary basis for the district court's decision.[3]

In denying the preliminary injunction, the district court relied on NRS 107.550(3), which provides that if a deed of trust beneficiary's judicial foreclosure claim is dismissed without prejudice, the "beneficiary of the deed of trust is thereupon restored to its former position and has the same rights as though an action for a judicial foreclosure had not been commenced." The Posners contend that the district court erred in relying on NRS 107.550 because that statute only applies to judicial foreclosure actions commenced on or after October 1, 2013. *See* 2013 Nev. Stat., ch. 403, § 30, at 2202. We agree that the district court's reliance on that statute is questionable, as U.S. Bank commenced its judicial foreclosure action in

---

[3]To the extent that any of the other preliminary-injunction factors may weigh in favor of the Posners, we conclude that the district court was within its discretion in finding that those factors did not outweigh the district court's finding that the Posners had no likelihood of success on the merits of their quiet title claim.

September 2012. Nevertheless, we conclude that the district court reached the correct result in concluding that the Posners had no likelihood of success on their quiet title claim. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (recognizing that this court will affirm the district court's ruling if it reached the right result for the wrong reason).

The quiet title claim is premised on the idea that the 10-year period in NRS 106.240 had been triggered in 2012, and thus the lien on the subject property was discharged as a matter of law in 2022. That premise is wrong. In its entirety, NRS 106.240 provides,

> The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, *shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due*, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

(Emphasis added.) As we recognized in *LV Debt Collect*, the statute plainly states that a debt "become[s] wholly due" only "according to" either of two things: (1) the "terms thereof," referring to the mortgage or deed of trust, or (2) "any recorded written extension thereof." 139 Nev., Adv. Op. 25, 534 P.3d at 697 (quoting NRS 106.240). Thus, when there is no recorded extension of the due date, the terms of the mortgage or deed of trust dictate when the debt becomes wholly due. *Id.* ("[W]hen a statute's language is plain and its meaning clear, the court will apply that plain language." (quoting *Leven v. Frey*, 123 Nev. 399, 403, 168 P.3d 712, 715 (2007))). Here, the deed of trust does not mention judicial foreclosure actions, much less state that the institution of such an action makes the loan "wholly due" for

purposes of NRS 106.240. Thus, despite the language in U.S. Bank's judicial foreclosure complaint that could be construed as accelerating the Posners' loan, U.S. Bank's judicial foreclosure action was insufficient to trigger NRS 106.240's 10-year time frame. This conclusion is consistent with the policy considerations set forth in *LV Debt Collect*, in that applying NRS 106.240 to security interests that are the subject of pending litigation would be "incongruous with the statute's purpose" and would encourage property owners to "engage in run-out-the-clock gamesmanship" by prolonging a judicial foreclosure action until NRS 106.240's 10-year period expires. 139 Nev., Adv. Op. 25, 534 P.3d at 698-99.

## *CONCLUSION*

Because the judicial foreclosure action did not trigger the 10-year time frame in NRS 106.240, the district court reached the correct result when it determined that the Posners' quiet title claim had no likelihood of success on the merits. We therefore affirm the district court's order denying the Posners' motion for a preliminary injunction.

_____, J.
Lee

We concur:

_____, J.
Stiglich

_____, J.
Bell