136 Nev., Advance Opinion 41

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ANTHONY S. NOONAN IRA, LLC; LOU NOONAN; AND JAMES M. ALLRED IRA, LLC, Appellants, vs. U.S. BANK NATIONAL ASSOCIATION EE; AND NATIONSTAR MORTGAGE, LLC, Respondents. | No. 78624 **FILED** JUL 09 2020 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Appeal from a district court summary judgment quieting title in a real property action. Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge.

*Reversed and remanded.*

The Law Office of Mike Beede, PLLC, and Michael N. Beede and James W. Fox, Henderson,
for Appellants.

Akerman LLP and Melanie D. Morgan and Donna M. Wittig, Las Vegas,
for Respondents.

BEFORE GIBBONS, STIGLICH and SILVER, JJ.

*OPINION*

By the Court, SILVER, J.:

In this case, we address whether the entire amount of a homeowners' association's (HOA) yearly assessment can be included in the superpriority piece of an HOA's lien under NRS 116.3116. Based on the

20-25302

plain language of the statute, we conclude the entire amount of a yearly assessment is entitled to superpriority status, so long as the assessment became due in the 9 months preceding the HOA's recording of its notice of delinquent assessments. And, because the first deed of trust holder in this case did not tender the entire superpriority amount before the HOA foreclosed on its lien, the HOA foreclosure sale extinguished the first deed of trust on the property. We therefore reverse the district court's judgment in favor of respondents and remand for further proceedings.

*FACTUAL HISTORY*

The HOA in this case charged yearly assessments of $216, which became due every January. When the homeowners did not pay their 2011 assessment, the HOA recorded a notice of lien for delinquent assessments in April 2011. Respondent U.S. Bank National Association, the beneficiary of the first deed of trust on the property, requested the superpriority amount from the HOA's foreclosure agent. After receiving a ledger of assessments and payments from the foreclosure agent, U.S. Bank tendered $162 to the foreclosure agent in August 2011, representing 9 months out of 12 months of assessments based on the $216-yearly assessment amount. The HOA continued with the foreclosure sale despite this payment, and, in 2014, appellants Anthony S. Noonan IRA, LLC, Lou Noonan, and James M. Allred IRA, LLC (collectively, Noonan), purchased the property at the HOA's foreclosure sale for $50,100.

Noonan then filed a complaint against U.S. Bank seeking to quiet title to the property. After initially denying U.S. Bank's motion for summary judgment and its subsequent motion for reconsideration, the district court granted U.S. Bank's renewed motion for summary judgment. The district court concluded that the tender of the equivalent of 9 months' worth of the yearly assessment amount cured the default on the

superpriority portion of the HOA's lien because Nevada law limited the superpriority portion of an HOA's lien to 9 months' worth of assessments. And, because U.S. Bank's tender cured the superpriority default, the district court concluded that the foreclosure sale did not extinguish U.S. Bank's deed of trust. Thus, the district court found that Noonan took title to the property subject to U.S. Bank's deed of trust.

## DISCUSSION

On appeal, Noonan argues the district court erred by concluding U.S. Bank's tender satisfied the HOA's superpriority lien, contending the district court improperly calculated the amount due under NRS Chapter 116. This court reviews orders granting summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if the pleadings and all other evidence demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Id.* at 731, 121 P.3d at 1031. When deciding a summary judgment motion, all evidence is viewed in the light most favorable to the nonmovant. *Id.* at 732, 121 P.3d at 1031.

NRS 116.3116(1) (2009)[1] provides HOAs with a lien against units within an HOA for, as is pertinent in this case, unpaid assessments. *See Horizon at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 132 Nev. 362, 366, 373 P.3d 66, 69 (2016). NRS 116.3116(2) splits the lien into two pieces, one of which is a superpriority piece that is "prior to all security interests," including a first deed of trust. *See id.* The statute limits the amount of unpaid assessments that can be included in the superpriority piece of the lien to "the assessments for common expenses based on the

---

[1]We apply the version of the statute in effect at the time of the foreclosure at issue in this matter.

periodic budget adopted by the [HOA] . . . which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien." NRS 116.3116(2). And we have previously held that an HOA's providing of a notice of delinquent assessments is the institution of an action to enforce an NRS 116.3116 lien. *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A. (Gray Eagle)*, 133 Nev. 21, 25-26, 388 P.3d 226, 231 (2017) ("[A] party has instituted proceedings to enforce the lien . . . when it provides the notice of delinquent assessment." (internal quotation marks omitted)). Noonan argues that the plain language of NRS 116.3116 entitles the HOA's entire yearly assessment to superpriority status because the assessment became due in the 9 months preceding the notice of delinquent assessments. U.S. Bank argues that the superpriority piece is limited to 9 months' worth of assessments and that it cured the superpriority default in this case by paying 9 months' worth of the yearly assessment amount.

When a statute's language is plain and unambiguous, we will apply the statute's plain language. *Leven v. Fry*, 123 Nev. 399, 403, 168 P.3d 712, 715 (2007). When the statute is subject to more than one reasonable interpretation, it is ambiguous and we look to legislative history and apply rules of statutory interpretation to determine the statute's meaning. *Id.* at 404, 168 P.3d at 716. "When construing an ambiguous statutory provision, this court determines the meaning of the words used in a statute by examining the context and spirit of the law or the causes which induced the Legislature to enact it." *Id.* at 405, 168 P.3d at 716 (internal quotation marks omitted). "Additionally, statutory interpretations should not render any part of a statute meaningless, and a statute's language

should not be read to produce absurd or unreasonable results." *Id.* (internal quotation marks omitted).

We conclude that the statute's plain language allows for the entire amount of a yearly assessment to be included in the superpriority piece of the HOA's lien. NRS 116.3116(2) specifically provides that the amounts subject to superpriority status are those that "would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien." In this case, the parties agree that the HOA imposed yearly, rather than monthly, assessments, and that the yearly assessment became due in the 9 months preceding the notice of delinquent assessments, which is the act that institutes the enforcement of the lien. *See Gray Eagle*, 133 Nev. at 26, 388 P.3d at 231. And nothing in NRS Chapter 116 prohibits an HOA from making its assessments payable annually, rather than monthly. Indeed, NRS 116.3115(1) (2009) states that "assessments must be made *at least annually*, based on a budget adopted at least annually by the [HOA]." (Emphasis added.) While parties and this court often refer to the superpriority lien as being equal to 9 months' worth of assessments, *see, e.g., Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 606, 427 P.3d 113, 117 (2018); *Horizons at Seven Hills*, 132 Nev. at 371, 373 P.3d at 72, that is when the court is referring to assessments assessed monthly, rather than yearly. Thus, the plain language of NRS 116.3116(2) supports the interpretation that, if an HOA makes assessments payable annually, the entire assessment amount can have superpriority status if it becomes due in the 9 months preceding the notice of delinquent assessments.

U.S. Bank urges us to view the yearly assessment as an acceleration under NRS 116.3116(2). And because only amounts that would

become due "in the absence of acceleration" in the 9 months preceding the notice of delinquent assessments are subject to superpriority status, U.S. Bank argues that only 9 months' worth of the yearly assessment amount has superpriority status. NRS 116.3116(2). But "acceleration" plainly means "the act or process of quickening or shortening the duration of something, such as payments." *Acceleration, Black's Law Dictionary* (10th ed. 2014). Here, the assessment was always due on an annual basis—the duration between payments was not quickened or shortened. *See id.* And although the comments to the Uniform Common Interest Ownership Act (1982) (UCIOA) may provide some support for U.S. Bank's interpretation,[2] we do not look to outside sources when a statute's language is plain, as it is here. *See JED Prop., LLC v. Coastline RE Holdings NV Corp.*, 131 Nev. 91, 94, 343 P.3d 1239, 1241 (2015) ("We do not look to other sources . . . unless a statutory ambiguity requires us to look beyond the statute's language to determine the legislative intent."); *see also 9352 Cranesbill Tr. v. Wells Fargo Bank, N.A.*, 136 Nev., Adv. Op. 8, 459 P.3d 227, 230 (2020) (applying a foreclosure statute's plain language despite UCIOA commentary suggesting a contrary interpretation). For this same reason, we need not

---

[2]The comments provide that "the [9] months' priority for the assessment lien strikes an equitable balance between the need to enforce collection of unpaid assessments and the obvious necessity for protecting the priority of the security interests of lenders," UCIOA § 3-116 cmt. 1 (1982), 7 pt. 2 U.L.A. 124 (2019), alluding to an underlying presumption that any superpriority lien would be made up of 9 months' worth of monthly assessments. But the comment does not appear to contemplate the situation presented here, where the HOA charges assessments on a yearly basis.

SUPREME COURT
OF
NEVADA

(O) 1947A

consider U.S. Bank's public policy arguments.[3] *See JED Prop.*, 131 Nev. at 94, 343 P.3d at 1241.

U.S. Bank does not dispute that it did not tender the entire yearly assessment amount. But because the yearly assessment became due in the 9 months preceding the HOA's notice of delinquent assessments, and because a yearly assessment does not constitute an acceleration, the entire amount is entitled to superpriority status under NRS 116.3116(2). That U.S. Bank did not tender the entire superpriority amount is fatal to its claim that its tender cured the superpriority default.[4] And there being no other basis for the district court's summary judgment in favor of U.S. Bank, we necessarily reverse the district court's order and remand for further proceedings consistent with this decision.

_____, J.
Silver

I concur:

_____, J.
Gibbons

---

[3]We also decline U.S. Bank's invitation to follow the reasoning in the unpublished order *Sage Realty LLC Series 2 v. Bank of N.Y. Mellon*, Docket No. 73735 (Order of Affirmance, Dec. 11, 2018), as that decision is not binding precedent and did not rely on NRS 116.3116(2)'s plain language. *See* NRAP 36(c)(2) (providing that unpublished orders are not binding precedent except in certain situations not present in this case).

[4]Because the tender amount did not cure the superpriority default, we need not consider Noonan's other challenges to U.S. Bank's tender.

STIGLICH, J., dissenting:

I conclude that the plain language of NRS 116.3116 does not entitle a homeowners' association's (HOA) entire yearly assessment to superpriority status simply because the assessment became due in the nine months preceding the notice of delinquent assessment. NRS 116.3116(2) (2009)[1] is silent on how to handle a yearly assessment. This court must therefore apply rules of statutory interpretation. *See Nelson v. Heer*, 123 Nev. 217, 224, 163 P.3d 420, 425 (2007) (holding that when a statute "does not speak to the issue before the court," this court examines "the context and the spirit of the law or the causes which induced the legislature to enact it" (internal quotation marks omitted)).

NRS 116.3116's reference to nine months of assessments presupposes that an HOA imposes assessments monthly, not yearly. *See* NRS 116.3116(2); *cf. Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 606, 427 P.3d 113, 117 (2018) (referring to the superpriority lien as being equal to nine months' worth of assessments); Uniform Common Interest Ownership Act § 3-116 cmt. 1 (1982) (providing that "the [nine] months' priority for the assessment lien strikes an equitable balance between the need to enforce collection of unpaid assessments and the obvious necessity for protecting the priority of the security interests of lenders"). By imposing a yearly assessment all at once, it is clear that, in the context of NRS 116.3116, an HOA accelerates its assessments' due

_____

[1]Like the majority, I also apply the version of the statute in effect at the time of the foreclosure at issue in this matter.

dates. Therefore, I conclude that the entire amount of an HOA's yearly assessment cannot be included in the superpriority piece of an HOA's lien under NRS 116.3116(2). *See* NRS 116.3116(2) (providing that the superpriority portion of an HOA's lien consists of, as relevant here, "the assessments for common expenses . . . which would have become due in the *absence of acceleration* during the 9 months immediately preceding institution of an action to enforce the lien" (emphasis added)). This conclusion is consistent with our court's decision in *Sage Realty LLC Series 2 v. Bank of New York Mellon*. *See* Docket No. 73735 (Order of Affirmance, Dec. 11, 2018) (rejecting the argument that the entire amount of an HOA's yearly assessment is included in the superpriority piece of an HOA's lien under NRS 116.3116(2)).

Based on the foregoing, the district court correctly concluded that the tender of the equivalent of nine months' worth of the yearly assessment amount cured the default on the superpriority portion of the HOA's lien, and appellants took title to the property subject to respondent U.S. Bank National Association's deed of trust. I would affirm.

_____, J.
Stiglich