137 Nev., Advance Opinion 15

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY S. NOONAN IRA, LLC; LOU NOONAN; AND JAMES M. ALLRED IRA, LLC,
Appellants,
vs.
U.S. BANK NATIONAL ASSOCIATION EE; AND NATIONSTAR MORTGAGE, LLC,
Respondents.

No. 78624

FILED

APR 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court summary judgment in an action to quiet title to real property. Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge.

*Affirmed.*

Shumway Van and Michael C. Van and Garrett R. Chase, Las Vegas, for Appellants.

Akerman LLP and Ariel E. Stern, Melanie D. Morgan, and Scott R. Lachman, Las Vegas, for Respondents.

_____

BEFORE THE COURT EN BANC.

21-10969

*OPINION*[1]

By the Court, STIGLICH, J.:

*INTRODUCTION*

At issue in this appeal is the construction of NRS 116.3116(2) (2009),[2] commonly referred to as Nevada's "superpriority lien" statute. As relevant here, the statute gives a homeowners association's (HOA) lien priority over a first deed of trust with respect to the HOA's "assessments for common expenses based on the periodic budget adopted by the [HOA] . . . which would have become due *in the absence of acceleration* during the 9 months immediately preceding institution of an action to enforce the lien." NRS 116.3116(2) (emphasis added). Here, respondents' predecessor attempted to satisfy the HOA's superpriority lien by tendering a check equaling 9 months' worth of assessments. But the HOA had imposed a yearly assessment, such that the entire yearly assessment became due "during the 9 months immediately preceding" when the HOA took action to enforce its lien. The district court granted summary judgment for respondents, evidently reasoning that the HOA's imposition of an

---

[1]A panel of this court originally issued an opinion resolving this matter. *See Anthony S. Noonan IRA, LLC v. U.S. Bank Nat'l Ass'n EE*, 136 Nev., Adv. Op. 41, 466 P.3d 1276 (2020). On January 25, 2021, we granted respondents U.S. Bank National Association and Nationstar Mortgage's petition for en banc reconsideration of that decision. Having reconsidered the matter, we vacate the panel's July 9, 2020, opinion and issue this opinion in its place. Relatedly, on February 8, 2021, appellants Anthony S. Noonan IRA, LLC, Lou Noonan, and James M. Allred IRA, LLC, filed a motion requesting that this matter be scheduled for oral argument. That motion is denied.

[2]This was the applicable version of the statute during this case's pertinent time frame and is the version addressed by this opinion.



annual assessment "accelerat[ed]" the assessments' due date, such that respondents were not required to tender more than 9 months of assessments to satisfy the superpriority portion of the HOA's lien. We agree with the district court's construction of NRS 116.3116(2) and affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

The HOA in this case charged annual assessments of $216, which became due every January. When the homeowners did not pay their 2011 assessment, the HOA recorded a notice of lien for delinquent assessments in April 2011.[3] The predecessor of respondents U.S. Bank National Association and Nationstar Mortgage (collectively, U.S. Bank), the beneficiary of the first deed of trust on the property, requested the superpriority amount from the HOA's foreclosure agent. After receiving a ledger of assessments and payments from the foreclosure agent, U.S. Bank's predecessor tendered $162 to the foreclosure agent in August 2011. The tendered amount represented 9 months out of 12 months of assessments based on the $216 yearly assessment amount.[4] Despite the tender, the HOA continued with the foreclosure sale, and in 2014, appellants Anthony S. Noonan IRA, LLC, Lou Noonan, and James M. Allred IRA, LLC

---

[3]We have previously held that under the version of NRS 116.3116 applicable here, the HOA's notice of lien for delinquent assessments institutes an action to enforce an NRS 116.3116 lien. *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 133 Nev. 21, 25-26, 388 P.3d 226, 231 (2017).

[4]We have previously held that a valid superpriority tender is effective to prevent an HOA's foreclosure from extinguishing a first deed of trust. *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 612, 427 P.3d 113, 121 (2018).

(collectively, Noonan), purchased the property at the HOA's foreclosure sale for $50,100.

Noonan then filed a complaint against U.S. Bank, seeking to quiet title to the property. After initially denying U.S. Bank's motion for summary judgment and its subsequent motion for reconsideration, the district court granted U.S. Bank's renewed motion for summary judgment. The district court concluded that the tender of the equivalent of 9 months' worth of the annual assessment amount cured the default on the superpriority portion of the HOA's lien because Nevada law limited the superpriority portion of an HOA's lien to 9 months' worth of assessments. And, because the tender cured the superpriority default, the district court concluded that the foreclosure sale did not extinguish U.S. Bank's first deed of trust. Consequently, the district court found that Noonan took title to the property subject to U.S. Bank's deed of trust.

## DISCUSSION

Noonan argues that the district court erred by concluding the tender by U.S. Bank's predecessor satisfied the superpriority portion of the HOA's lien, contending the district court erroneously construed NRS 116.3116(2) and thereby miscalculated the amount U.S. Bank's predecessor had to tender. "This court reviews a district court's grant of summary judgment and its statutory construction determinations de novo." *Estate of Smith ex rel. Smith v. Mahoney's Silver Nugget, Inc.*, 127 Nev. 855, 857, 265 P.3d 688, 690 (2011).

NRS 116.3116(2) provides that the superpriority portion of an HOA's lien consists of "assessments for common expenses . . . which would have become due *in the absence of acceleration* during the 9 months immediately preceding institution of an action to enforce the lien." (Emphasis added.) Noonan argues that this provision gives the HOA's

SUPREME COURT
OF
NEVADA

(O) 1947A

*entire* annual assessment superpriority status because that assessment became due in the 9 months preceding the notice of delinquent assessment. In particular, Noonan argues that because NRS 116.3115(1) (2009) permitted the HOA to impose assessments "at least annually," and because the HOA did so in this case, there was no "acceleration" because the assessments were due in their entirety on an annual basis.

We are not persuaded by Noonan's proffered construction of NRS 116.3116(2), as it renders the phrase "in the absence of acceleration" meaningless. *Leven v. Frey*, 123 Nev. 399, 405, 168 P.3d 712, 716 (2007) ("[S]tatutory interpretation should not render any part of a statute meaningless . . . .").[5] While an HOA's imposition of an annual assessment may, in the abstract, not be an "acceleration," Noonan does not explain what "in the absence of acceleration" means if the statute did not presuppose the imposition of monthly assessments and account for the possibility of an annual assessment. In this respect, the commentary to the Uniform Common Interest Ownership Act of 1982, 7 U.L.A., part II (2009) (amended 1994, 2008) (UCIOA), upon which the Legislature based NRS 116.3116(2), supports the conclusion that NRS 116.3116(2) presupposes the imposition of monthly assessments. *Cf. SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 744, 334 P.3d 408, 410 (2014) (relying on the UCIOA's

---

[5]Additionally, and although it did not occur in this case, Noonan's proffered construction could have absurd results. *Cf. Leven*, 123 Nev. at 405, 168 P.3d at 716 ("[A] statute's language should not be read to produce absurd or unreasonable results." (internal quotation omitted)). For example, if an HOA imposes an annual assessment in January and does not mail its notice of lien for delinquent assessment until November (i.e., more than 9 months after the annual assessment became due), no portion of the HOA's lien would have superpriority status.

commentary to interpret NRS 116.3116), *superseded by statute on other grounds as stated in Saticoy Bay LLC 9050 W Warm Springs 2079 v. Nev. Ass'n Servs.*, 135 Nev. 180, 444 P.3d 428 (2019). The commentary explains that the purpose of the 9-month[6] superpriority lien provision is to "strike[ ] an equitable balance between the need to enforce collection of unpaid assessments and the obvious necessity for protecting the priority of the security interests of lenders." UCIOA § 3-116 cmt. 1, 7 U.L.A., part II 121-24 (2009). In furtherance of this purpose, we conclude that NRS 116.3116(2)'s use of "in the absence of acceleration" accounts for the situation that occurred here, where the HOA imposed an annual assessment but a secured lender paid 9 months' worth of assessments.

Accordingly, when an HOA imposes an annual assessment all at once, there has been an "acceleration" under NRS 116.3116(2). Thus, even when an HOA imposes an annual assessment, the superpriority portion of the HOA's lien can be satisfied by tendering 9 months' worth of assessments.[7] Because U.S. Bank's predecessor made such a tender in this case, the district court correctly determined that the HOA's foreclosure sale did not extinguish the first deed of trust and that Noonan took title to the

---

[6]The UCIOA refers to a 6-month superpriority lien. *See* UCIOA § 3-116 cmt. 1, 7 U.L.A., part II 121-24 (2009).

[7]NRS 116.3116(2) also provides that maintenance and nuisance-abatement charges are afforded superpriority status. *See* NRS 116.3115. We clarify that if an HOA imposes such charges, those charges must also be paid to satisfy the superpriority portion of the HOA's lien.

property subject to that deed of trust.[8] We therefore affirm the summary judgment in favor of U.S. Bank.

_____, J.
Stiglich

We concur:

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Pickering

_____, J.
Herndon

---

[8]Noonan raises other arguments on appeal in support of reversal. To the extent that those arguments are not belied by the record or were not recently rejected in *Saticoy Bay LLC Series 133 McLaren v. Green Tree Servicing LLC*, 136 Nev., Adv. Op. 85, 478 P.3d 376, 379 (2020), we are not persuaded that reversal is warranted.

SILVER, J., with whom CADISH, J., agrees, dissenting:

The statutory language of NRS 116.3116(2) (2009) is plain and unambiguous. In providing that the amounts subject to superpriority status are those that "would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien," it is clear that, if a yearly assessment becomes due in the 9 months preceding the notice of delinquent assessments, the entirety of the assessment is subject to superpriority status. *See Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A. (Gray Eagle)*, 133 Nev. 21, 26, 388 P.3d 226, 231 (2017) ("[A] party has instituted proceedings to enforce the lien . . . when it provides the notice of delinquent assessment." (internal quotation marks omitted)). In that sense, the 9-month limitation mentioned in the statute speaks only to *which* assessments are subject to superpriority status—the assessments that become due, absent acceleration, in the 9 months preceding the institution of the lien enforcement action. And the yearly assessment at issue in this case was not an acceleration; Nevada law permits yearly assessments, and the parties agree that assessments were always due on a yearly basis. *See* NRS 116.3115(1) (2009) (providing that "assessments must be made *at least annually*, based on a budget adopted at least annually" (emphasis added)); *Acceleration, Black's Law Dictionary* (10th ed. 2014) (defining "acceleration" as "[t]he act or process of quickening or shortening the duration of something, such as payments").

While parties and this court often refer to the superpriority lien as being equal to 9 months' worth of assessments, *see, e.g., Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 606, 427 P.3d 113, 117 (2018); *Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 132 Nev.

SUPREME COURT
OF
NEVADA

(O) 1947A

362, 371, 373 P.3d 66, 72 (2016), in those cases the court is referring to assessments assessed monthly, rather than yearly, such that those cases are factually distinguishable from the present one. And any reliance on secondary sources or public policy to conclude that the entirety of the yearly assessment amount does not have superpriority status is unwarranted when the statute at issue is unambiguous, as it is here. *See JED Prop., LLC v. Coastline RE Holdings NV Corp.*, 131 Nev. 91, 94, 343 P.3d 1239, 1241 (2015) ("We do not look to other sources . . . unless a statutory ambiguity requires us to look beyond the statute's language to determine the legislative intent."); *see also 9352 Cranesbill Tr. v. Wells Fargo Bank, N.A.*, 136 Nev. 76, 78-79, 459 P.3d 227, 230 (2020) (applying a foreclosure statute's plain language despite comments to the Uniform Common Interest Ownership Act suggesting a contrary interpretation). Because I conclude that the entirety of the yearly assessment at issue in this case is subject to superpriority status, I dissent.

_____, J.
Silver

I concur:

_____, J.
Cadish