**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAPITAL ONE, N.A., | No. 19-16656 |
| Plaintiff-Appellee, | 21-15377 |
| v. | D.C. No. 2:16-cv-02325-JAD-GWF |
| AURORA ESTATES OWNERS ASSOCIATION, INC.; ATC ASSESSMENT COLLECTION GROUP, LLC, | |
| Defendants, | MEMORANDUM* |
| and | |
| SATICOY BAY LLC SERIES 1401 MARBELLA RIDGE, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted January 11, 2023**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

In May 2004, Mark Adair took out a $570,000 loan to purchase residential property in Las Vegas, Nevada. After a string of assignments, the deed of trust (DOT) securing the property was ultimately assigned to Capital One, N.A. (Capital One). Adair failed to pay dues to the Aurora Estates Owner's Association, Inc. (HOA), and the HOA's agent began foreclosure proceedings against him after obtaining a "superpriority lien" on the property. In response, the loan servicer at the time, Bank of America, N.A. (BANA) sought to cure the default and protect the DOT by tendering the superpriority lien amount, but the HOA's agent rejected the tender. The HOA's agent then foreclosed on the property, and sold it to Saticoy Bay for $60,500.

On October 5, 2016, Capital One filed this action seeking injunctive relief and a declaratory judgment that the DOT was not extinguished by the HOA's foreclosure sale. After a stay, Saticoy Bay filed an answer and counterclaim against Capital One seeking a declaration that Saticoy Bay owned the property free and clear of the DOT. On June 14, 2019, Capital One moved for partial summary on its declaratory judgment claim, as well as Saticoy Bay's counterclaim. After a hearing, the district court granted Capital One's motion. On August 10, 2020, Saticoy Bay filed a motion to alter or amend the final judgment under Federal Rule of Civil Procedure 60(b)(6), citing the Nevada Supreme Court's decision in

2

*Anthony S. Noonan, IRA v. U.S. Bank Nat'l Ass'n EE*, 466 P.3d 1276 (Nev. 2020). The district court denied Saticoy Bay's motion on the merits. Saticoy Bay timely appealed both the grant of summary judgment and the denial of relief under Rule 60(b)(6).

We have jurisdiction under 28 U.S.C. § 1291, and reviewing the grant of summary judgment de novo, *see Tschida v. Motl*, 924 F.3d 1297, 1302–03 (9th Cir. 2019), and the denial of Rule 60(b)(6) relief for abuse of discretion, *see Riley v. Filson*, 933 F.3d 1068, 1071 (9th Cir. 2019), we affirm.

Saticoy Bay raises several arguments on appeal, but none has merit, as each has been foreclosed by binding authority from the Nevada Supreme Court.

**1.** Saticoy Bay argues that the DOT was extinguished by the HOA's foreclosure sale because the tender made by BANA's counsel (Miles Bauer) was impermissibly conditional. Saticoy Bay fails to identify any condition on the tender beyond Miles Bauer's statement that the HOA's acceptance of the tender would satisfy the superpriority lien. But BANA had a right to insist on that condition, so it did not make the tender impermissibly conditional. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 118 (Nev. 2018) (*Diamond Spur*).[1] And even more recently, the Nevada Supreme Court has held that a

---

[1] *Diamond Spur* generally governs the merits of these appeals through its central holding that a valid tender of the superpriority portion of a lien cures a default and preserves a senior DOT. *See generally id.* at 121.

materially indistinguishable letter from Miles Bauer "was not improperly conditional" in *Saticoy Bay LLC Series 133 McLaren v. Green Tree Servicing LLC*, 478 P.3d 376, 379 (Nev. 2020).

Saticoy Bay also argues that Capital One failed to demonstrate any excuse for failing to tender the superpriority lien amount. This argument fails because the record evidence, including the rejection letters from the HOA's agent, indicates the tender was rejected. And in any event, formal tender is excused when the receiving party "had a known policy of rejecting such payments." *7510 Perla Del Mar Ave. Tr. v. Bank of Am., N.A.*, 458 P.3d 348, 349 (Nev. 2020).

**2.** Saticoy Bay argues that the district court erred by (1) granting "equitable relief," (2) failing to weigh various defenses such as unclean hands before doing so, and (3) failing to apply the "California Rule." The Nevada Supreme Court has repeatedly rejected these arguments. *See, e.g.*, *Diamond Spur*, 427 P.3d at 120 (tender cures by operation of law, no other considerations required); *Perla Del Mar*, 458 P.3d at 350 n.1 (same); *McLaren*, 478 P.3d at 379 (same).

**3.** Saticoy Bay argues that it takes the property free and clear because Capital One failed to record its tender in the public record and because Saticoy Bay is a bona fide purchaser. These arguments have likewise been rejected by the Nevada Supreme Court. *See Diamond Spur*, 427 P.3d at 119 (recording of tender is not required); *see also id.* at 121 ("A party's status as a BFP is irrelevant when a

4

defect in the foreclosure proceedings renders the sale void.").

**4.** Finally, Saticoy Bay argues that the district court abused its discretion by denying relief under Rule 60(b)(6). We disagree. The district court did not abuse its discretion in finding that the factors set forth in *Phelps v. Alameida*, 569 F.3d 1120, 1135–39 (9th Cir. 2009), did not counsel in favor of granting extraordinary relief, particularly in view of the lack of diligence in waiting over a year in bringing the motion. Moreover, Saticoy Bay's basis for bringing the motion—the Nevada Supreme Court's panel decision in *Noonan* has been vacated and superseded by an en banc opinion. *See Anthony S. Noonan IRA, LLC v. U.S. Bank Nat'l Ass'n EE*, 485 P.3d 206, 207 (Nev. 2021) (en banc) (holding that homeowners' associations could not "accelerate" assessments such that the entire years' worth of assessments would be due within the superpriority statute's 9-month window).

Because each of the arguments raised by Saticoy Bay have been squarely foreclosed by on-point Nevada Supreme Court authority, the district court's judgment is **AFFIRMED.**